[Civ. No. 67132. Second Dist., Div. Two. Feb. 22, 1984.]

RICHARD KARUBIAN et al., Plaintiffs and Appellants, v.
SECURITY PACIFIC NATIONAL BANK et al.,
Defendants and Respondents.

COUNSEL

Lewis, D'Amato, Brisbois & Bisgaard, Raul L. Martinez, Ellison & Ellison and Sherman Ellison for Plaintiffs and Appellants.

Edward Wilson, James R. Birmingham Waters, McCluskey & Corcoran, Waters McCluskey & Boehle, Richard A. Wall, Michael P. Ong, Parker, Stanbury, McGee, Babcock & Combs, Arthur T. Schaertel, Michael Ooley, Peter Burrows and Davis & Davis for Defendants and Respondents.

OPINION

**COMPTON, J.**—Plaintiffs in an action for negligent damage to real property appeal from a judgment entered pursuant to Code of Civil Procedure section 583, subdivision (b) for failure to bring the matter to trial within five years after the filing of the complaint. We affirm.

The judgment of dismissal followed the trial court's denial of plaintiffs' motion, pursuant to then rule 225[1] of the California Rules of Court, to specially set the matter for trial, which motion was noticed just 40 days prior to the expiration of the 5-year period.

Plaintiffs, claiming to have proceeded diligently in preparing the case for trial within the five-year period, argue that the trial court abused its discretion in denying their motion to specially set.

Central to plaintiffs' claim is the contention that the failure of the clerk of the Los Angeles County Superior Court (clerk) to perform a duty enjoined upon him by the California Rules of Court made it impossible for plaintiffs to bring the matter to trial at an earlier time.

The complaint in this action was filed September 24, 1975. Plaintiffs' then counsel filed an "at-issue memorandum" on December 31, 1976.

On February 18, 1977, another law firm was substituted as counsel, which firm itself was, on March 2, 1977, substituted for by yet another attorney.

On April 26, 1979, some 18 months prior to the running of the 5-year period, the clerk issued a "notice of eligibility" to file a certificate of readiness. A second such notice was issued June 25, 1979. Both notices were, however, mailed to the initial attorney of record. That attorney inexplicably

---

[1]Rule 225 was repealed and replaced by rule 375(b) effective January 1, 1984.

failed to forward the notice to either plaintiffs or their counsel. He allegedly called the clerk's office on the phone and simply indicated to "someone" that he was no longer attorney of record.

When no certificate of readiness was filed, the case was removed from the "civil active list." It remained in that status until the hearing on plaintiffs' motion to specially set the matter for trial. Apparently that status was not discovered by plaintiffs' attorney until shortly after the denial of the motion. A subsequent motion to reconsider was also denied.

We examine this chronology of events against a background of the procedural scheme established by the rules, the case law dealing with Code of Civil Procedure section 583, subdivision (b), and especially the principles announced in the recent case of *Moran* v. *Superior Court (Riccardo)* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216].

Insofar as is pertinent here the California Rules of Court basically establish a three-step procedure for setting cases for trial in Los Angeles County. That procedure is set in motion by the filing of an "at-issue memorandum" (rule 206). A "civil active list" of cases in which the "at-issue memorandum" has been filed is periodically created by the superior court (rule 207). The moving of a case from the "civil active list" to the "trial ready list" requires the filing, by a party, of a certificate of readiness (rule 221).

Since the state of the calendar in Los Angeles County is such that a case cannot be brought to trial within six months after the filing of a certificate of readiness, the rules provide that the certificate of readiness cannot be filed before receipt of notification from the clerk of eligibility to do so (rule 221(d)).

If, after a notice of eligibility is issued in each of two months, no certificate of readiness is filed the case is removed from the "civil active list" and is not restored thereto until a new "at-issue memorandum" is filed and served. (rule 221(e).)

Thus while a plaintiff has the burden of acting promptly and diligently in keeping track of and prosecuting his or her case, the ability to so act is, to some degree, circumscribed by the constraints of the calendaring procedure in Los Angeles County. A plaintiff must await the process by which the case becomes eligible to be placed on the "trial ready list."

The rules clearly impose a duty on the clerk to move the cases on the "civil active list" to that position of eligibility and to notify the parties thereof.

Of course if the plaintiff, after receipt of the second notice, fails to file a certificate of readiness, the clerk then has the duty to remove the case from the "civil active list." Hence the burden remains on plaintiff to ready the case for trial and advise the court when that point is reached.

The question presented by this appeal is the effect of the clerk's failure to notify the plaintiffs of their eligibility to file a certificate of readiness.

Although the language of Code of Civil Procedure section 583, subdivision (b) is seemingly clear, unambiguous and mandatory, it has been judicially interpreted to provide certain exceptions thereto.

The five-year mandatory dismissal requirement has been held not to apply where it was impossible, impracticable or futile for a plaintiff to bring the matter to trial in the five-year period. (*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829]; *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489]; also see Code Civ. Proc., § 581a, subd. (b).)

The present test in determining the applicability of section 583, subdivision (b) is that the reasonable diligence, or lack thereof on the part of the plaintiff is used as a "guideline by which to assess the existing exceptions of impossibility, impracticability or futility." (*Westinghouse Electric Corp.* v. *Superior Court* (1983) 143 Cal.App.3d 95, at p. 105 [191 Cal.Rptr. 549], also see conc. opn. by Kaus, J., in *Moran* v. *Superior Court, supra,* 35 Cal.3d 229.)

In *Moran* v. *Superior Court, supra,* the Supreme Court concluded that, under the circumstances of that case, an otherwise diligent plaintiff was entitled to rely on the presumption that official duty would be performed and that any delay in bringing a case to trial occasioned by such reliance would be deducted from the five-year period of Code of Civil Procedure section 583, subdivision (b).

There the plaintiff had diligently prepared the case for trial and, prior to the expiration of the five-year period, was prepared to commence trial when the matter was ordered into arbitration. After an arbitration award in plaintiff's favor, defendant moved for a trial de novo.

*Rule 1616(b) of the California Rules of Court provides that in such a situation* "The case shall be restored to the civil active list for prompt disposition, in the same position on the list it would have had if there had been no arbitration . . . ."

The holding of the court in *Moran, supra,* was that, under the rule, it was the duty of the clerk to set the case for trial and the time between the demand for trial de novo and the actual trial setting was not to be counted in the five-year period. The rationale being that during that period it was "impossible" for the *plaintiff* to cause the matter to be set for trial.

In *Moran, supra,* plaintiff's attorney alleged that after the defendant moved for a trial de novo he called the clerk and was assured that the matter would be set for trial promptly.

The Supreme Court in *Moran, supra,* neither addressed nor answered the question of whether a plaintiff, or his or her counsel, can be considered diligent in continuing to rely on official duty being performed after the passage of an amount of time sufficient to indicate to a reasonably knowledgeable attorney that official duty was *not* going to be performed and that the public official had obviously "goofed."

It seems to us that, even under circumstances where reliance on the performance of official duty is initially justified, there comes a time when plaintiff can no longer be considered to be "diligent," and entitled to claim impossibility, impracticability or futility in moving the case forward, without at least taking some action to call the matter to someone's attention.

In the case at bench, once the point had been reached where it was eligible to be placed on the "trial ready list" upon the filing of a certificate of readiness, moving the case to trial was neither "impossible" nor "futile." The filing of a certificate of readiness or a new at-issue memorandum would have kept the process moving. Plaintiffs' ignorance of the status of the case, albeit the result of a misdirected notice by the clerk, cannot be equated with "impossibility" or "futility."

Was it then "impracticable" for the plaintiffs to take steps to have the case set for trial at an earlier time? We think not. The rule, which requires notification by the clerk as a condition precedent to the filing of a certificate of readiness, operates in Los Angeles County for the very reason that a case cannot get to trial within six months after the filing of such certificate. Thus an attorney who has not received such notification by the end of the *fourth* year after the filing of a complaint, has to know that the case, if it is to come to trial, can only come to trial in the last six months available before the running of the five-year period.

When the notice of eligibility has not been received after *four and one-half years,* it becomes apparent that, absent fast action on somebody's part, the case will not get to trial within the five-year period. Here plaintiff's

counsel waited until just 40 days prior to the critical date before taking any action.

From the record before us it seems clear that the failure of plaintiffs to move their case more expeditiously was in no way attributable to their failure to receive notice of eligibility to file a certificate of readiness, unless one takes the position that the court has a duty generally to remind counsel of critical dates. Plaintiffs' counsel admits that he was unaware of the true status of the case until the hearing on the motion to specially set. The only thing of which plaintiffs' counsel seemed to be aware was that the five-year date was perilously close at hand.

At the time of hearing on the motion to specially set the trial court correctly observed that the case was not at issue since it was not, at that time, on the "civil active list" for the reason that no new "at-issue memorandum" had been filed.

Plaintiffs' counsel, by a single phone call, letter or visit to the clerk's office subsequent to June of 1979, could have discovered the inactive status of the case in ample time to remedy the situation. It does not appear unreasonable or impracticable to require plaintiffs and their counsel to monitor their cases to the extent that the clerk's failure to issue a timely notice of eligibility to file a certificate of readiness will be detected in a reasonably prompt fashion.

■ A motion to specially set a matter for trial is addressed to the sound discretion of the trial court. In the exercise of that discretion, the entire factual picture must be considered and the court is not limited to a "'consideration of [plaintiffs'] diligence after he realized that the mandatory provisions of section 583 might compel dismissal.'" (*General Ins. Co. v. Superior Court* (1966) 245 Cal.App.2d 366, at p. 370 [53 Cal.Rptr. 777].) In *General Ins. Co. v. Superior Court, supra,* the plaintiff did not file an at-issue memorandum and certificate of readiness until less than three months before the expiration of the five-year period. The Court of Appeal held that the trial court properly exercised its discretion in refusing to specially set the matter for trial.

■ Here, in denying the motion to specially set, the trial court stated "The Court finds that the granting of the motion will cause substantial prejudice to the defendants, in that there has been a delay in the accumulation of evidence and documents as well as procurement of depositions. The court also finds that matter is not at issue. The motion is denied." We find no abuse of discretion.

The judgment is affirmed.

Roth, P. J., and Gates, J., concurred.

A petition for a rehearing was denied March 14, 1984, and appellants' petition for a hearing by the Supreme Court was denied May 16, 1984. Kaus, J., did not participate therein. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.