[No. B008220. Second Dist., Div. One. Oct. 1, 1985.]

ALEX A. KOTOFF et al., Plaintiffs and Appellants, v.
PAUL ALEX EFSEAFF et al., Defendants and Respondents.

COUNSEL

Bewley, Lassleben & Miller and Jeffrey S. Baird for Plaintiffs and Appellants.

Stevens & McKeand and Jeri R. McKeand for Defendants and Respondents.

## OPINION

**SPENCER, P. J.—**

### INTRODUCTION

Plaintiffs appeal from a judgment of dismissal for failure to bring their action to trial within five years after filing their complaint.

### STATEMENT OF FACTS

Plaintiffs brought this action on June 22, 1977, for damages for breach of contract, fraud and intentional infliction of emotional distress and for rescission and restitution. Defendants filed their answer to plaintiffs' complaint on August 26, 1977; plaintiffs then filed an at-issue memorandum on March 9, 1978.

The superior court clerk sent plaintiffs notices of eligibility to file a certificate of readiness on December 12, 1978, and January 12, 1979; plaintiffs failed to respond. By stipulation of the parties, defendants were permitted to file a first amended answer on January 24, 1979; plaintiffs filed a new at-issue memorandum on July 5, 1979. The clerk again sent plaintiffs notices of eligibility to file a certificate of readiness on January 30 and February 22, 1980; again, plaintiffs failed to reply.

From late 1977 through early 1982, the parties conducted discovery and prepared for trial; plaintiffs were unaware, however, their case had been dropped from the civil active list due to their failure to file a certificate of readiness. They were alerted to this fact when the court sent them a notice of intention to dismiss on February 4, 1982. Plaintiffs then filed notice of a motion to specially set the case for trial and a new at-issue memorandum on March 1 and March 2, 1982, respectively.

Defendants filed a "counter" at-issue memorandum, revising plaintiffs' estimated time for trial, and opposition to the motion to specially set. The

motion was heard on March 17, 1982, by Judge Warren D. Allen; he denied the motion based on plaintiffs' lack of diligence in prosecuting their action. At this time, 97 days remained until the 5-year statutory period in which to bring the case to trial would expire. Judge Allen then sent the parties notice of a status and trial setting conference, to be held on May 21, 1982.

On April 23, defendants noticed motions to remove the status and trial setting conference from the calendar and for a discretionary dismissal. On April 30, plaintiffs filed notice of a motion for a court order determining eligibility of the action for arbitration and mandating arbitration. The motions were heard on May 19, 1982. Judge Allen denied defendants' motions and granted plaintiffs'; the case was ordered into arbitration. In order to have the case eligible for arbitration, plaintiffs waived any recovery in excess of $25,000.

The case was removed from arbitration on December 28, 1982; it was found to be too complex to fit within the structure of the arbitration program. On January 11, 1983, the court clerk mailed out notice of a status and trial setting conference, to be held on March 7, 1983; plaintiffs claim they never received this notice. When they failed to appear at the March 7 conference, their at-issue memorandum was stricken and the case ordered off calendar.

No further action was taken on the case until April 6, 1984, when defendants noticed a motion to dismiss for failure to bring the case to trial within five years. Judge Ralph A. Biggerstaff heard the motion on May 1; the motion was granted and the case dismissed.

CONTENTIONS

I

Plaintiffs contend the trial court erred in denying their motion to specially set.

II

Plaintiffs also contend the erroneous denial of their motion to specially set rendered it impossible for them to bring their case to trial within the five-year statutory period.

## DISCUSSION

### I

■    Plaintiffs contend the trial court erred in denying their motion to specially set. We agree.[1]

■    Pursuant to Code of Civil Procedure section 583, subdivision (b), a case must be brought to trial within five years after the complaint has been filed or it will be dismissed.[2] Notwithstanding the mandatory language of subdivision (b) of section 583, exceptions to the rule of dismissal are made where compliance with the statute is impossible, impracticable or futile. (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 237-239 [197 Cal.Rptr. 546, 673 P.2d 216]; *Campanella* v. *Takaoka, supra,* 160 Cal.App.3d at pp. 509-510.) Impossibility, impracticability or futility is determined in light of the circumstances of a particular case, including the conduct of the parties and the nature of the proceedings; the critical factor is whether the plaintiff exercised reasonable diligence in prosecuting the case. (*Moran, supra,* at p. 238; *Campanella, supra,* at p. 510; *Westinghouse Electric Corp.* v. *Superior Court* (1983) 143 Cal.App.3d 95, 105-107 [191 Cal.Rptr. 549].)

*Campanella* holds reasonable diligence places on a plaintiff the affirmative duty to make every reasonable effort to bring a case to trial within five years, even during the last month of its statutory life. (160 Cal.App.3d at p. 510.) One means by which this duty may be fulfilled is a motion to specially set the case for trial pursuant to rule 375(b) of the California Rules of Court. (*Ibid.*)[3]

■    Consideration of a motion to specially set has traditionally involved inquiry into the same factors as are relevant to a discretionary motion to dismiss under Code of Civil Procedure section 583, subdivision (a). (*Campanella* v. *Takaoka, supra,* 160 Cal.App.3d at p. 512; accord *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 560-561 [194 Cal.Rptr. 773, 669 P.2d 9].) However, the two motions should not be confused and the motion to specially set denied because the court believes a discretionary

---

[1]Preliminarily, we note that while an order denying a motion to specially set is not appealable, it may be reviewed upon an appeal from a judgment of dismissal. (*Campanella* v. *Takaoka* (1984) 160 Cal.App.3d 504, 508, fn. 2 [206 Cal.Rptr. 745]; *Vogelsang* v. *Owl Trucking Co.* (1974) 40 Cal.App.3d 1068, 1069 [115 Cal.Rptr. 666].)

[2]Section 583 has been repealed (Stats. 1984, ch. 1705, § 4) since the dismissal of plaintiffs' case and replaced by sections 583.110-583.160 and 583.410-583.430. However, the new code sections do not apply to the instant case on appeal. (Code Civ. Proc., § 583.160.)

[3]Rule 375(b) became effective January 1, 1984; the former rule 225, in effect during the proceedings in the instant case, also provided for a motion to specially set.

dismissal is warranted. (*Weeks* v. *Roberts* (1968) 68 Cal.2d 802, 806 [69 Cal.Rptr. 305, 442 P.2d 361]; *Campanella, supra,* at p. 512.)

*Weeks* points out the purpose of the court system is to resolve disputes, and litigants should not be denied access to a forum for this purpose except for compelling reasons; thus, "[i]f a court feels impelled to dismiss an action less than five years after its filing for want of prosecution, it should do so and accept review on that basis. It should not exercise its discretion to dismiss on the basis of inconvenience to the court and in the guise of a refusal to specially set. It is monstrous to foreclose a litigant's substantial rights because of the inconvenience incident to providing a courtroom. Fault and delay may be ground for dismissal; but court congestion is no reason to preempt one's day in court when there is a reasonable time to provide it." (68 Cal.2d at pp. 806-807.) The preferred procedure for a court to take when a motion to specially set is before it but it believes dismissal is appropriate, is to grant the preferential trial date without prejudice to a discretionary motion to dismiss. (*Id.,* at p. 808; *Campanella* v. *Takaoka, supra,* 160 Cal.App.3d at p. 512; *Vogelsang* v. *Owl Trucking Co., supra,* 40 Cal.App.3d at p. 1072.)

■ The above procedure provides an added protection for a plaintiff. If the motion to specially set is denied, the five-year period lapses, and in opposition to a motion to dismiss brought under section 583, subdivision (b), the plaintiff must prove by clear and convincing evidence the impossibility, impracticability or futility of bringing the case to trial within five years. (*Campanella* v. *Takaoka, supra,* 160 Cal.App.3d at p. 513; *Central Mutual Ins. Co.* v. *Executive Motor Homes Sales, Inc.* (1983) 143 Cal.App.3d 791, 796 [192 Cal.Rptr. 169].) ■ But if the defendant seeks discretionary dismissal under subdivision (a) of section 583, the burden is on the defendant to show dismissal is warranted. (*Campanella, supra,* at p. 513; *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 723, fn. 7 [170 Cal.Rptr. 790, 621 P.2d 829].) Additionally, in ruling on a motion for discretionary dismissal, the court must consider a number of factors, including whether the interests of justice are best served by dismissal or trial. (*Campanella, supra,* at p. 513; *Lopez* v. *Larson* (1979) 91 Cal.App.3d 383, 407-408 [153 Cal.Rptr. 912]; Cal. Rules of Court, rule 373(e).)

■ For the foregoing reasons, the *Campanella* court concluded, "a trial court cannot refuse to grant a plaintiff's motion for an early trial setting, even if the plaintiff has been guilty of unreasonable delay. (*Weeks* v. *Roberts, supra,* 68 Cal.2d 802.) In the latter situation, the trial court can dismiss *sua sponte* under the discretionary provision of section 583. (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 557.)" (160 Cal.App.3d at p. 513.)

■ In the instant case, the court denied plaintiffs' motion to specially set in that it found no due diligence to allow plaintiffs to disturb the May and June calendars, which were already set. Under both *Weeks* and *Campanella,* plaintiffs' lack of diligence in bringing the case to trial and the full court calendar are not valid reasons for denying the motion to specially set.

Moreover, the 97 days remaining in the 5-year period was a reasonable time in which to set the case for trial. *Campanella* involved a period of time of only 29 days, while *Weeks* holds 28 days is a reasonable time in which to set a case for trial and refusal to set trial within that period constitutes abuse of discretion as a matter of law. (*Weeks* v. *Roberts, supra,* 68 Cal.2d at pp. 807-808.)

Defendants, nevertheless, assert the motion to specially set properly was denied, relying on *Karubian* v. *Security Pacific Nat. Bank* (1984) 152 Cal.App.3d 134 [199 Cal.Rptr. 295]. In *Karubian,* plaintiffs filed their complaint on September 24, 1975, and an at-issue memorandum on December 31, 1976. In 1977, they had two substitutions of counsel. On April 26 and June 25, 1979, 18 and 16 months prior to the end of the 5-year period, the court clerk mailed notices of eligibility to file a certificate of readiness to plaintiffs' original attorney of record; that attorney did not forward the notices to plaintiffs or their current attorneys, but told "someone" in the clerk's office he was no longer the attorney of record. Plaintiffs never received the notices and the case was dropped from the civil active files when no certificate of readiness was filed. Forty days before the five-year period expired, plaintiffs moved to specially set; the motion was denied and the case ultimately dismissed under section 583, subdivision (b).

On appeal, the court held dismissal was proper in that it had not been impossible, impracticable or futile for plaintiffs to bring the case to trial within five years, despite the misdirected notices of eligibility; their counsel should have monitored the case and discovered its status in time to have it set for trial within the five-year period and should not have relied on the court to remind them of critical dates. (*Id.,* at pp. 139-140.)

Of the denial of the motion to specially set, the appellate court stated: "A motion to specially set a matter for trial is addressed to the sound discretion of the trial court. In the exercise of that discretion, the entire factual picture must be considered and the court is not limited to a ' "consideration of [plaintiffs'] diligence after [realizing] that the mandatory provisions of section 583 might compel dismissal." ' (*General Ins. Co.* v. *Superior Court* (1966) 245 Cal.App.2d 366, at p. 370 [53 Cal.Rptr. 777].) . . . Here, in denying the motion to specially set, the trial court stated 'The Court finds that the granting of the motion will cause substantial prejudice to the de-

fendants, in that there has been a delay in the accumulation of evidence and documents as well as procurement of depositions. . . . The motion is denied.' We find no abuse of discretion." (*Karubian* v. *Security Pacific Nat. Bank, supra,* 152 Cal.App.3d at p. 140.)

We are not persuaded by *Karubian.* As pointed out in *Campanella,* the *Karubian* court's reliance on *General Ins. Co.* is misplaced, in that the Supreme Court in *Weeks* limits the application of *General Ins. Co.* to cases in which both pretrial and trial must be held within less than 28 days. (160 Cal.App.3d at p. 514; *Weeks* v. *Roberts, supra,* 68 Cal.2d at p. 808.) Moreover, the reasoning which led to the decision in *General Ins. Co.* was derived from previous cases which hold "that the action of the court upon plaintiff's motion for early trial date is tantamount to that upon a motion to dismiss under [subd. (a)] of section 583." (245 Cal.App.2d at p. 370.) As discussed at page 997, *ante, Weeks* rejects this reasoning, warning trial courts not to confuse a motion to specially set with one for discretionary dismissal. (*Weeks* v. *Roberts, supra,* 68 Cal.2d at p. 806.) Inasmuch as *Weeks* and *Campanella* hold a motion to specially set may not be denied if there exists a reasonable time in which to bring a case to trial prior to the expiration of the five-year period, we conclude the court here erred in denying plaintiffs' motion to specially set ninety-seven days before the five-year statute ran.

## II

▉ Plaintiffs also contend the erroneous denial of their motion to specially set rendered it impossible to bring the case to trial within the five-year statutory period. Again, we agree.

In *Weeks* v. *Roberts, supra,* the trial judge granted plaintiff's motion to specially set 28 days prior to the expiration of the 5-year period. Defendant moved to vacate the trial date; the supervising judge granted the motion and ordered the case off calendar ten days before the five years expired, finding plaintiff's failure to allow sufficient time for ordinary trial setting was inexcusable. Defendant's motion to dismiss the day following the expiration of the five-year period was granted. On appeal, the court concluded the erroneous vacation of the trial date had made trial within the five-year period impossible and it reversed the judgment. (68 Cal.2d at pp. 808-809.) Similarly, in *Vogelsang* v. *Owl Trucking Co., supra,* it was concluded the trial court's denial of plaintiff's motion to specially set, 46 days before the expiration of the 5-year period, prevented plaintiff from bringing his case to trial; the judgment was therefore reversed. (40 Cal.App.3d at p. 1071.)

In *Campanella,* 29 days before the expiration of the 5-year period, plaintiffs applied to the trial court for an ex parte order shortening the time before

the hearing for service on defendants of notice of plaintiffs' motion to specially set; the application was denied. Plaintiffs' subsequent motion to specially set was also denied, nine days before the statute ran. The appellate court concluded the denial of plaintiffs' application for an order shortening time prevented them from bringing their action to trial within the five-year period and accordingly reversed the judgment. (160 Cal.App.3d at pp. 514-515.)

The question is whether, in the instant case, it can also be concluded the denial of plaintiffs' motion to specially set rendered it impossible to bring their case to trial within five years. At the time plaintiffs' motion was denied, 97 days remained in which to bring the case to trial, significantly more time than that remaining to plaintiffs in *Weeks, Vogelsang* or *Campanella*. However, it generally takes six months from the time a certificate of readiness is filed for a case to get to trial in Los Angeles County (see *Karubian* v. *Security Pacific Nat. Bank, supra,* 152 Cal.App.3d at p. 139), and plaintiffs had not yet filed a certificate of readiness; the ninety-seven remaining days, slightly more than three months, were not sufficient to bring the case to trial through normal channels. We must therefore conclude the denial of plaintiffs' motion to specially set made it impossible for them to bring their case to trial within the five-year statutory period.

The judgment is reversed with directions to set the case for trial within 97 days without prejudice to a motion for discretionary dismissal pursuant to Code of Civil Procedure section 583.410.[4]

Hanson (Thaxton), J., and Lucas, J., concurred.

---

[4]Plaintiffs also contend Judge Biggerstaff erred in refusing to allow them to file written opposition to defendants' motion for mandatory dismissal. In view of our reversal of the judgment and plaintiffs' failure to claim prejudice as a result of this error, we decline to consider this contention.