[L.A. No. 32146. Aug. 7, 1986.]

FRANCISCO R. SALAS, a Minor, etc., et al.,
Plaintiffs and Appellants, v.
SEARS, ROEBUCK & COMPANY, Defendant and Respondent.

**COUNSEL**

Oliver, Sloan, Vargas, Lindvig, Matthew, Jacobs & Pico, Oliver, Sloan, Vargas, Jacobs & Pico and Leonard Sacks for Plaintiffs and Appellants.

Lillick, McHose & Charles, Ralph D. Kirwan and John Randolph Haag for Defendant and Respondent.

**OPINION**

**MOSK, J.**—In this appeal from a mandatory dismissal for failure to bring the action to trial within five years after filing the complaint, we address the issue whether the trial court has discretion to deny a motion for trial preference intended to avoid such dismissal.

We granted review because of a conflict of decision on this issue. (Compare *Campanella* v. *Takaoka* (1984) 160 Cal.App.3d 504, 513 [206 Cal.Rptr.

745] [no discretion], and *Kotoff* v. *Efseaff* (1985) 172 Cal.App.3d 991, 996-997 [218 Cal.Rptr. 499] [no discretion], with *Karubian* v. *Security Pacific Nat. Bank* (1984) 152 Cal.App.3d 134, 140 [199 Cal.Rptr. 295] [discretion].) As will appear, we conclude that under the governing statute (Code Civ. Proc., § 36, subd. (d) (hereafter § 36(d)), the decision to grant or deny a preferential trial setting rests at all times in the sound discretion of the trial court in light of the totality of the circumstances.

Plaintiff minor was shot accidentally by a friend who was testing a new rifle purchased from defendant Sears, Roebuck & Company (Sears). On September 12, 1979, he and his father filed an action against the friend and Sears seeking damages for negligence, breach of warranty and strict liability. Plaintiffs filed an at-issue memorandum on June 3, 1980, requesting a jury trial.

On July 15, 1983, the trial court sent a "Notice of Trial Setting Conference and Intention to Dismiss on Court's Own Motion" to plaintiffs, requiring them to give all other parties written notice of a hearing on September 21, 1983, within 10 days of receiving the court's notice. They failed to do so, instead simply notifying Sears by telephone on the day before the hearing. Because of plaintiffs' failure to give proper notice, the court took the trial setting conference off calendar and the following week the case was removed from the civil active list.

Plaintiffs did nothing whatever during the succeeding 10 months to reinstate their case on the civil active list or set it for trial. Then, on August 1, 1984, they gave notice to Sears of an ex parte application for an order shortening time for a hearing on a motion for trial preference. On August 3, 40 days before the 5-year bar of former Code of Civil Procedure section 583, subdivision (b) (hereafter § 583(b)), plaintiffs filed a motion for trial preference under section 36(d), making the bare assertion that the interests of justice required such preference.[1]

---

[1] All statutory references herein are to the Code of Civil Procedure.

Former section 583(b) provided, "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended." Although the section was repealed in 1984, its substance was reenacted in sections 583.310-583.360. Accordingly, for convenience of reference we will refer to section 583(b) in the present tense throughout this opinion, and our analysis will apply to the current statutory scheme as well.

Sears filed an opposition, and in its memorandum of points and authorities invited the court to dismiss the action on its own motion pursuant to former section 583, subdivision (a) (hereafter § 583(a)).[2] At the hearing, the court disclosed that its tentative ruling was to deny the motion for trial preference because of lack of diligence on the part of plaintiffs; nevertheless it ordered a second hearing to be held three days later, inviting the parties to file supplemental papers in support of their positions. Plaintiffs failed to submit any declarations or authority, however, and the court thereupon denied their motion for preference.

Plaintiffs again took no remedial action: they allowed the five-year limitations period to lapse, filing neither a motion for reconsideration of their original motion (§ 1008) nor a second motion for trial preference. On September 26, 1984, each defendant moved to dismiss under section 583(b). In due course the court granted both motions, and signed and filed orders of dismissal. Plaintiffs appealed.[3] The Court of Appeal affirmed the orders of dismissal, holding that a motion to specially set a matter for trial is addressed to the sound discretion of the trial court and that no abuse of that discretion was shown on this record.

Plaintiffs complain that 10 months was "relatively little time" to cure the "technical error" of their failure to give written notice to defendants of the September 1983 trial setting conference. Apart from that conclusory assertion, which is unconvincing, they make no attempt to justify or even explain their lack of diligence in prosecuting this action. Instead, they rest their appeal on the claim that as a matter of law 40 days was adequate time to set the case for trial and that the trial court therefore had a mandatory duty to grant their motion for a preferential trial date to avoid the impending 5-year deadline. We disagree.

■ On its face section 36(d) commits motions for preference to the trial court's discretion. It provides, "Notwithstanding any other provision of law, the court may in its discretion grant a motion for preference served with the memorandum to set or the at-issue memorandum and accompanied by

---

[2]Former section 583(a) provided, "The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with rules adopted by the Judicial Council." The substance of the section was reenacted in section 583.410. (See fn. 1, *ante.*)

[3]The orders of dismissal "constitute judgments . . . effective for all purposes" (§ 581d) and hence are directly appealable. (§ 904.1, subd. (a); see *D'Hondt* v. *Regents of University of California* (1984) 153 Cal.App.3d 723, 726, fn. 2 [200 Cal.Rptr. 628] [§ 583(a)].) Plaintiffs also purported to appeal from the order denying their motion for trial preference. That order is not appealable but may be reviewed on this appeal from the orders of dismissal. (*Vogelsang* v. *Owl Trucking Co.* (1974) 40 Cal.App.3d 1068, 1069 [115 Cal.Rptr. 666].)

a showing of cause which satisfies the court that the interests of justice will be served by granting such preference." Plaintiffs contend that "cause" is established as a matter of law when a special setting is necessary to avoid dismissal under section 583(b). They argue that it is an abuse of discretion for the court to deny a motion for preferential setting under such circumstances "even if the plaintiff has been guilty of unreasonable delay." (*Campanella* v. *Takaoka, supra,* 160 Cal.App.3d 504, 513; accord, *Kotoff* v. *Efseaff, supra,* 172 Cal.App.3d 991, 996-997.)

Although the approach of the five-year limit is a critical consideration in ruling on motions pursuant to section 36(d), it is not exclusive. For the reasons that follow, we disapprove *Campanella* and *Kotoff* to the extent they conclude that a court exercising its discretion on a motion for special trial preference may not consider the plaintiff's lack of diligence or prejudice to the defendant once the five-year bar is imminent.

In *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554 [194 Cal.Rptr. 773, 669 P.2d 9] (hereinafter *Wilson*), we emphasized that a motion for a preferential setting raises the same issues for the trial court as a motion to dismiss for failure to prosecute pursuant to section 583(a): "'In passing upon the motion for an early and preferential setting, the court was not limited to a consideration of the single fact that the five-year period was about to expire but was required to view the total picture, including the dilatory action of the plaintiff, the condition of the court's calendar, the rights of other litigants, and the prejudice to the defendant resulting from the delay. [Citations.] The action of the court on such a motion is tantamount to action upon a motion to dismiss for failure to prosecute within the two-year period prescribed by section 583 of the Code of Civil Procedure; in each instance the motion is addressed to its sound legal discretion; the motivating factors in the exercise of that discretion would be pertinent to both motions; and its decision "will be disturbed only in cases of manifest abuse."'"[4] (*Id.,* at p. 561, quoting *Beswick* v. *Palo Verde Hospital Assn.* (1961) 188 Cal.App.2d 254, 260 [10 Cal.Rptr. 314], italics deleted.) We concluded that because motions under sections 36(d) and 583(a) turn on identical considerations, a trial court may dismiss sua sponte under the latter in response to a plaintiff's motion for preferential setting, without notifying

---

[4]Section 583(a) states that the procedure for obtaining a dismissal for failure to prosecute "shall be in accordance with rules adopted by the Judicial Council." The Judicial Council adopted former California Rules of Court, rule 203.5(e) (continued in rule 373(e)) to guide the trial court's discretion on a motion to dismiss under section 583(a). The trial court should also consider the factors listed in rule 373(e) when deciding a motion for preferential setting under section 36(d).

the plaintiff in advance of its intention to dismiss, as is ordinarily required by former California Rules of Court, rule 203.5(a). (*Wilson,* at p. 561.)[5]

The situation confronting the trial court in the present case is nearly identical to that in *Wilson.* In both instances plaintiffs were guilty of an appalling lack of diligence and offered no justification for the delay. As in *Wilson,* plaintiffs here rely on our general policy in favor of trial on the merits. Once again, however, we conclude that although the interests of justice weigh heavily against disposing of litigation on procedural grounds— a policy we reaffirm—that policy will necessarily prevail only if a plaintiff makes some showing of excusable delay.[6] (*Wilson,* at p. 562; *Sanborn* v. *Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 418 [134 Cal.Rptr. 402, 556 P.2d 764]; *Denham* v. *Superior Court, supra,* 2 Cal.3d 557, 566.)

In light of our holding in *Wilson,* the sole unresolved issue is whether the court had discretion to deny plaintiffs' motion for a preferential setting when the likely consequence was mandatory dismissal under section 583(b). Plaintiffs assert that although the court did have power to dismiss under subdivision (a), as the court did in *Wilson,* it also had a mandatory duty to grant an early trial setting to prevent dismissal under subdivision (b). They cite *Weeks* v. *Roberts, supra,* 68 Cal.2d 802, 808, in which we declared that 28 days—12 days less than the time remaining in the present case— was as a matter of law reasonable time for a judge to provide a courtroom to avoid dismissal under the 5-year bar.

*Weeks* is distinguishable on its facts. Unlike the present case, in which plaintiff failed to initiate any discovery or even to restore the case to the

---

[5]Former rule 203.5(a) (repealed eff. Jan. 1, 1984) has been continued in rule 373(a), providing that "A party seeking dismissal of a case pursuant to article 4 (§ 583.410 et seq.) . . . shall serve and file a notice of motion at least 45 days before the date set for hearing of the motion. . . . The filing of the notice of motion shall not preclude the opposing party from further prosecution of the case to bring it to trial."

[6]In ruling on a motion for failure to prosecute pursuant to section 583.410 (former § 583(a)), the trial court "shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure." (Cal. Rules of Court, rule 373(e).) In section 583.130, the Legislature declared the state's policy that "a plaintiff shall proceed with reasonable diligence in the prosecution of an action but that all parties shall cooperate in bringing the action to trial or other disposition." Moreover, the Legislature emphasized that "the policy favoring trial or other disposition of an action on the merits [is] generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter." As the Law Revision Commission commented, section 583.130 is consistent with our case law expressing a preference for trial on the merits. (See, e.g., *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829]; *General Ins. Co.* v. *Superior Court* (1975) 15 Cal.3d 449 [124 Cal.Rptr. 745, 541 P.2d 289]; *Denham* v. *Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193]; *Weeks* v. *Roberts* (1968) 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361].)

civil active list before moving for trial preference, in *Weeks* the plaintiff had completed discovery and pretrial proceedings and had already been granted a preferential trial date within the five-year limit when a second judge vacated that setting, apparently because of a shortage of courtroom space. We expressly declined to extend our holding to cases in which the parties had not completed pretrial proceedings at the time the plaintiff sought an early trial date. (*Id.,* at p. 807.)

Plaintiffs rely on our statement in *Weeks* that "a preferred procedure would be to grant preferential dates expressly without prejudice to a motion to dismiss." (*Id.,* at p. 808.) It was that same dictum that led to the holdings in *Campanella, supra,* 160 Cal.App.3d 504, and *Kotoff, supra,* 172 Cal.App.3d 991. In the context of *Weeks,* it was compelled by our concern that by denying preferential trial settings courts could effect a dismissal that the defendant had not even sought, and on the basis simply of convenience to the court. We admonished that "a trial court should not confuse and discredit the law by refusing to set a cause within the five-year period because it believes that a discretionary dismissal is warranted." (68 Cal.2d at p. 806.)

Our reasoning, however, was grounded in the limits set by the Legislature in section 583(a) on the court's inherent power to dismiss a case for failure to prosecute. At the time of *Weeks* the statute provided in relevant part: "The court may in its discretion dismiss any action for want of prosecution *on motion of the defendant and after due notice to the plaintiff,* whenever plaintiff has failed for two years after action is filed to bring such action to trial." (Italics added.) We were concerned in *Weeks* that the court could, in the guise of denying an early setting, achieve a dismissal that it could not directly order under section 583(a) without a timely motion by the defendant. The "preferred" procedure we outlined avoided that harsh result by requiring the court to set the early trial date, but preserved the defendant's right to move for a dismissal under section 583(a).

One year after *Weeks,* section 583(a) was amended to delete the requirement of a motion by the defendant, thus expanding the power of the court by permitting it to act sua sponte. This had the effect of eliminating the necessity of two separate proceedings. As amended, the statute simply provided: "The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed." That provision was in effect at the time the present action was dismissed, and has been continued in current section 583.410, subdivision (a). There is therefore no longer any basis for preferring the cumbersome procedure we endorsed in *Weeks.* Indeed, it would be inconsistent to demand that a court grant a preferential trial date without

prejudice to *its own* motion to dismiss, since the court clearly now has that right under section 583.

We therefore conclude that a trial court does not have a mandatory duty to set a preferential trial date, even when the five-year deadline approaches. Its discretion is not wholly unfettered: it must consider the "total picture," as *Wilson* prescribes, including the condition of the court calendar, dilatory conduct by plaintiff, prejudice to defendant of an accelerated trial date, and the likelihood of eventual mandatory dismissal if the early trial date is denied. (See, e.g., Cal. Rules of Court, former rule 203.5(e), now rule 373(e).)

A discretionary standard for determining motions under section 36(d), even on the eve of the five-year deadline, is consistent with the legislative intent to promote diligent and orderly prosecution by requiring plaintiffs to make some showing of excusable delay. We are concerned that court congestion remains an unfortunate reality, causing inevitable delay, often of several years, regardless of a party's diligence. As we emphasized in *Weeks,* it is monstrous to deny a forum to a plaintiff simply because the procedure of the courts has been too slow. (68 Cal.2d at p. 807.) On the other hand, if we were to require mandatory early trial setting without regard to a plaintiff's diligence we would in effect reward unreasonable procrastination to the prejudice of defendants, to diligent litigants who have had trials set and as a result will lose their priority, and to our already overburdened court calendars.

In fact, if a court decides to deny a preferential setting, but not to dismiss on its own motion, its action may prove advantageous to a plaintiff, in effect affording him a second chance. In many instances—particularly when a motion for preferential trial setting is made several months before the five-year deadline—there will remain ample time for a plaintiff to prepare his case for trial and submit a second motion for trial preference on the basis that the case will otherwise face dismissal. By this means, a plaintiff may avoid the severe consequences of dismissal under either subdivision (a) or (b) of section 583.

Plaintiffs here made no such effort. By their utter lack of diligence they forfeited their right to preferential setting for trial and were properly subject to dismissal. From the undisputed record it is obvious that the court gave plaintiffs ample opportunity to justify their request for trial preference, by continuing the first hearing and inviting them to submit briefs to augment the deficient papers they presented at that hearing. Their failure to do so, coupled with their failure to initiate discovery or restore the case to the civil active list after more than four years and ten months had elapsed since

the complaint was filed, persuades us that there was no basis for relieving plaintiffs of the fatal consequences of their own procrastination, and hence that the court did not abuse its discretion in denying their motion for trial preference.

The judgment of the Court of Appeal is affirmed.

Bird, C. J., Broussard, J., Reynoso, J., Grodin, J., Lucas, J., and Panelli, J., concurred.