[No. B022752. Second Dist., Div. Five. July 28, 1988.]

POMONA FEDERAL PLAZA, LTD., et al., Plaintiffs and Appellants, v.

INVESTMENT CONCEPTS, INC., et al., Defendants and Respondents.

COUNSEL

Haight, Dickson, Brown & Bonesteel, Robert L. Kaufman, William J. Sayers and Robert M. Dato for Plaintiffs and Appellants.

Joseph & Joseph and Michael D. Joseph for Defendants and Respondents.

OPINION

**ASHBY, Acting P. J.**—In this opinion we find that the trial court abused its discretion in dismissing plaintiffs' action. Plaintiffs alleged that defendants did not build a parking lot to specifications. Plaintiffs, who could have proceeded immediately on the issue of liability, acted reasonably in allowing defendants sufficient time to prepare the cross-actions for trial.

FACTS

Plaintiffs Pomona Federal Plaza, Ltd., and Colima Investment Company, Ltd., filed a complaint on June 14, 1982. Plaintiffs alleged that the parking lot which they purchased from defendants Investment Concepts, Inc. (Investment) and Ceeco Development Corporation (Ceeco), which was constructed by defendant Universal Asphalt Co., Inc. (Universal) was improperly designed and constructed. Plaintiffs purchased the property approximately six years earlier.

All three defendants filed cross-complaints. In addition, cross-actions were filed against Haugaard Elrod Associates, Robert D. Haugaard, Jr., and James H. Elrod (architects) and Richard Mills and Associates, Inc. (subcontractors).[1]

Plaintiffs' action became at issue on July 21, 1983, at which time all named parties had answered the complaint. However, the cross-actions were not at issue until May 13, 1986, when all cross-defendants answered all cross-actions.

---

[1] On October 13, 1982, Investment filed a cross-complaint against Universal and Ceeco for indemnity. On July 21, 1983, Ceeco filed, but apparently never served, a cross-complaint against Universal for indemnity. On January 24, 1984, Ceeco joined Investment in a first amended cross-complaint against Richard Mills Associates. On August 9, 1985, Universal filed a cross-complaint for indemnity against Haugaard Elrod Associates, Robert D. Haugaard, Jr., and Ceeco and Investment.

Plaintiffs did not initiate any formal discovery. However, plaintiffs responded to discovery promulgated by the other parties from the time the complaint was filed until June 1983, a period of approximately one year. During this time plaintiffs provided defendants with a soil investigation report which stated that the parking lot was not constructed to contract specifications and which showed that numerous pavement areas were distressed. After June 1983, plaintiffs did not respond to or promulgate any formal discovery, although the other parties actively engaged in formal discovery. Every two to three months (except the period from October 1984 to April 1985) the defendants served or answered cross-actions or discovery occurred amongst the defendants. Collectively, the defendants served approximately four sets of interrogatories, five requests for production of documents, and four notices of deposition and subpena duces tecum re records.

On April 7, 1986, plaintiffs filed an at-issue memorandum. Four days later, Universal filed a counter at-issue memorandum.

Twelve days after plaintiffs filed their at-issue memorandum, Universal filed a motion to dismiss pursuant to Code of Civil Procedure sections 583.410 and 583.420, subdivision (a)(2)(A), for plaintiffs' failure to diligently prosecute. The motion was filed more than one year prior to the five years during which the matter must be brought to trial (Code Civ. Proc., § 583.310) and was based upon the allegation that plaintiffs did nothing to bring the matter to trial. Universal's argument centered around the assertion that plaintiffs did not initiate any discovery nor participate in settlement discussions. Universal also contended that it was prejudiced by the delay primarily because in the interim a key witness, one of Universal's ex-employees, became uncooperative. Other defendants joined in Universal's motion to dismiss.

In opposition to the motion, plaintiffs acknowledged that they did not initiate any formal discovery during the pendency of the matter. Plaintiffs stated that prior to filing suit they possessed information necessary to present their case. Additional information was obtained in other litigation pending on a similar claim and from the responses to discovery promulgated by the other parties. Plaintiffs contended that the real controversy was not in proving liability in that it would be easy to prove that the lot was not built to specifications. Rather, plaintiffs suggested that the real contest was amongst the defendants in determining which party would pay for the damages. Plaintiffs asserted that delaying the matter allowed the other parties to complete their discovery and to answer the cross-actions. At the time the motion to dismiss was filed one of the cross-complaints had not

been answered by all cross-defendants. Plaintiffs also contended that if there was unreasonable delay, defendants were not prejudiced thereby because any information required from Universal's ex-employee could easily be obtained through a deposition.

The court granted defendants' motion and ordered plaintiffs' action dismissed, from which plaintiffs appeal. We reverse.

## DISCUSSION

■ The sole issue raised is whether the trial court abused its discretion in dismissing plaintiffs' action for failing to prosecute.

Code of Civil Procedure section 583.410, subdivision (a), permits the court to dismiss an action for delay in prosecution if it is appropriate under the circumstances.[2] ■ The dual purpose of this section is to prevent stale claims in which " '. . . evidence has been lost, memories have faded, and witnesses have disappeared.' [Citations.] [This] section is [also] designed to compel reasonable diligence in the prosecution of actions, thereby expediting the administration of justice." (*Dunsmuir Masonic Temple* v. *Superior Court* (1970) 12 Cal.App.3d 17, 22-23 [90 Cal.Rptr. 405]; see also *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 332 [216 Cal.Rptr. 718, 703 P.2d 58].) Code of Civil Procedure section 583.420, subdivision (a)(2), authorizes a court to dismiss an action if the action is not brought to trial within three years after the action is commenced.

■ Motions to dismiss are addressed to the court's discretion. (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 346 [228 Cal.Rptr. 504, 721 P.2d 590]; *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) However, ". . . that discretion is not unfettered. It cannot be exercised arbitrarily, but must be an impartial discretion to be exercised in conformity with the spirit of the law and in a manner to subserve the ends of substantial justice." (*City of Los Angeles* v. *Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543, 561 [133 Cal.Rptr. 212].)

In determining whether a matter should be dismissed, the totality of circumstances is considered. (*Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d at p. 344.) The courts are mandated to consider the enumerated

---

[2] Code of Civil Procedure section 583.410, subdivision (a), provides: "The court may in its discretion dismiss an action for delay in prosecution pursuant to this article . . . on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case."

factors in California Rules of Court, rule 373.[3] A crucial factor, the plaintiff's diligence, interpreted by the courts as excusable delay, is specifically enumerated in this section. (*Dick* v. *Superior Court* (1986) 185 Cal.App.3d 1159, 1164-1165 [230 Cal.Rptr. 297].) Although not specifically enumerated in rule 373, prejudice to the defendant frequently is also considered. (*San Ramon Valley Unified School Dist.* v. *Wheatley-Jacobsen, Inc.* (1985) 175 Cal.App.3d 1050, 1056 [221 Cal.Rptr. 342].)

 Actively responding to discovery is considered diligence by a plaintiff. (*Cubit* v. *Ridgecrest Community Hospital* (1987) 194 Cal.App.3d 1552, 1568 [240 Cal.Rptr. 346].) Plaintiffs responded to discovery promulgated by defendants for approximately one year after the complaint was filed. This participation in the discovery process evidences diligence by plaintiffs. The issue therefore becomes whether plaintiffs demonstrated excusable delay for the subsequent three years during which plaintiffs took no active role in initiating discovery or affirmatively bringing the matter to trial.

The gist of plaintiffs' argument is that their lack of affirmative activity was reasonable and provides *some* excuse for the delay. Plaintiffs suggest that while they were prepared to proceed, delay was reasonable because it allowed the other parties to complete discovery and to allow the cross-actions to become at-issue. We agree.

This is not a situation in which one party was lulled into believing that the other party would not proceed with the matter. (See, e.g., *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431 [96 Cal.Rptr. 571, 487 P.2d 1211]; *Woley* v. *Turkus* (1958) 51 Cal.2d 402 [334 P.2d 12].) This is not a situation in which a plaintiff waited until the eleventh hour to file an at-issue memorandum or a motion to specially set. (See, e.g., *Wilson* v. *Sunshine*

---

[3] Rule 373(e) of the California Rules of Court provides: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. The court shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure."

*Meat & Liquor Co.* (1983) 34 Cal.3d 554 [194 Cal.Rptr. 773, 669 P.2d 9].)[4] This is not a situation in which a plaintiff delayed identifying or serving defendants after the complaint was filed. (*Schumpert* v. *Tishman Co.* (1988) 198 Cal.App.3d 598 [243 Cal.Rptr. 810]; *Feingersh* v. *Lutheran Hosp. Society* (1977) 66 Cal.App.3d 406 [136 Cal.Rptr. 155].) Rather, plaintiffs reasonably prosecuted the matter. Plaintiffs could have proceeded immediately upon filing their complaint to prove liability and early in the discovery process provided defendants with the soil investigation report which showed that the pavement was distressed and showed that the parking lot was not built to specifications. In waiting until the other parties had completed discovery and answered the cross-actions they allowed the defendants to prepare the cross-actions for trial. There were no extended periods of time in which this matter lay dormant.

Soon after plaintiffs filed the complaint, the first cross-action was filed. Other than one small gap of time, every two to three months thereafter, one defendant or another served or answered a cross-action or promulgated or responded to discovery, collectively serving four sets of interrogatories, five requests for production of documents, and four notices of deposition and subpena duces tecum re records. Although these activities may not have been directed at or initiated by plaintiffs, any information gained thereby would benefit all parties, including plaintiffs. It would have been wasteful for plaintiffs to duplicate these efforts. In addition, these activities illustrated that the matter was being vigorously prosecuted by defendants in their preparation for the anticipated trial. Thus the nonreadiness of the case can be attributed to defendants. (*Westinghouse Electric Corp.* v. *Superior Court* (1983) 143 Cal.App.3d 95, 105-106 [191 Cal.Rptr. 549].)

Inherent in the dismissal statutes is the concept that parties should act reasonably in prosecuting their actions and that, when viewed in a practical sense, matters should be tried together so as to avoid unnecessary burden to the administration of justice. (*Brunzell Constr. Co.* v. *Wagner* (1970) 2 Cal.3d 545, 552-554 [86 Cal.Rptr. 297, 468 P.2d 553].) While the possibility of severing the cross-complaints is one factor to be considered in determining if a matter should be dismissed, contrary to defendants' suggestion this factor does not determine whether plaintiffs' actions provided some excuse for delay. (*Id.* at p. 553.)[5] Here, severance would not have been a realistic possibility. Proceeding to trial on liability and then returning to court at a

---

[4] Plaintiffs' at-issue memorandum was filed more than one year prior to the five years in which the matter must be brought to trial.

[5] California Rules of Court, rule 209(a) effective January 1, 1985, explicitly permitted severance. It provided that "a case may be considered at issue notwithstanding any cross-complaint that is not at issue if the cross-complaint has been on file for six months or more."

later time to determine who was responsible for the loss would have been a waste of judicial resources. (See, e.g., *Westinghouse Electric Corp.* v. *Superior Court, supra,* 143 Cal.App.3d 95.)

In addition, defendants were not prejudiced by the delay. Contrary to Universal's position, the fact that their ex-employee was no longer cooperative did not result in prejudice to them. Universal could easily have taken his deposition, like other percipient witnesses.

■ Because courts prefer trial on the merits (*City of Los Angeles* v. *Gleneagle Dev. Co., supra,* 62 Cal.App.3d at p. 561) we are obligated to closely scrutinize matters which are dismissed. (*Hilburger* v. *Madsen* (1986) 177 Cal.App.3d 45, 51-52 [222 Cal.Rptr. 713].) The more compelling policy favors resolution on the merits when plaintiff makes a showing of excusable delay. (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at pp. 562-563; see also *Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d at p. 347.)

In light of the totality of circumstances, it would be a miscarriage of justice to deny plaintiffs their day in court.

The order of dismissal is reversed. Each party is to bear its own costs.

Boren, J., and Hastings, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.