[No. B045502. Second Dist., Div. Seven. Dec. 7, 1989.]

DAVID D. SCHMITT, JR., Petitioner, v.
THE SUPERIOR COURT FOR LOS ANGELES COUNTY,
Respondent;
TARSEM L. SINGHAL et al., Real Parties in Interest.

COUNSEL

Patricia A. Swanson for Petitioner.

No appearance for Respondent.

Sydney L. Binstock for Real Parties in Interest.

OPINION

THE COURT.*— In this proceeding, petitioner David D. Schmitt, Jr., challenges the denial of his motion to specially set his dental malpractice action against real party Singhal for trial before expiration of the five-year period set forth in Code of Civil Procedure section 583.310.[1] Under the facts of this case, we conclude the denial of petitioner's motion was an abuse of discretion and will grant the relief requested.

### FACTS

On November 2, 1984, a complaint was filed on petitioner's behalf by attorney David Berk. Real party answered the complaint, petitioner filed an

---

* Before Lillie, P. J., Johnson, J., and Woods (Fred), J.

[1] All further statutory references are to the Code of Civil Procedure.

at-issue memorandum with the respondent court in October 1985, and the respondent ordered the matter submitted to arbitration at a status conference held January 16, 1986. (§ 1141.10 et seq.) On the same date petitioner filed with the respondent a substitution of attorney, replacing Berk with his present counsel, Patricia Swanson. Entries were made by the clerk in the register of actions noting the substitution, striking Berk's name as counsel, and replacing it with Swanson's name. Subsequently, petitioner twice amended his complaint with leave of court, and in October 1986 real party Singhal answered the third amended complaint. Extensive discovery was conducted by the parties during the period from January 1985 to November 1986. On November 18, 1986, arbitration was held in part, but the arbitrator found the case not a proper one for arbitration. Swanson promptly wrote to the respondent requesting the case be placed on the civil active list, and on February 24, 1987, the respondent issued an order returning the case to the trial setting clerk.

After a year had elapsed without further notification from the respondent, on November 19, 1987, Swanson wrote to the clerk inquiring as to the status of the case. Her letter was returned with the clerk's handwritten note reading, "Your case is on the civil active list, will not be set for a trial setting conference for about another 10 months." On December 21, 1987, Swanson filed with the respondent a notice of change of address, and the appropriate entry was made by the clerk in the register of actions. In July 1988 Swanson again wrote to the clerk inquiring as to the status of the case. This time there was no response. In January 1989 Swanson sent the clerk yet another letter requesting a status update, mentioning her earlier communications and noting the "case will be five years old in November, 1989; it is imperative that we receive a trial date in the near future." Again, there was no response.

As it turns out, on November 14, 1988, the respondent had issued a notice of trial setting conference, set for December 27, 1988. However, notwithstanding the filing of a substitution of attorney, the filing of a change of address by Swanson, the corresponding entries made in the register of actions, and Swanson's several letters to the clerk, the notice of trial setting conference was mailed by the respondent to attorney Berk, who had been substituted out of the case almost three years earlier. Swanson was not made aware of the matter by Berk, nor did she receive a copy of a December 27, 1988, minute order removing the matter from the civil active list and striking the at-issue memorandum on the ground no appearances were made at the trial setting conference. The December 27 minute order again erroneously names Berk as counsel for petitioner.

Having theretofore failed to elicit a response from the clerk to her several communications concerning the matter, on August 16, 1989, Swanson

telephoned the court and learned for the first time the case had been removed from the civil active list. Swanson immediately moved for an order restoring the case to the civil active list and specially setting the case for trial on a date prior to November 1, 1989, to avoid mandatory dismissal under the five-year statute.

On September 28, 1989 petitioner's motion was heard and denied. Her application for an order shortening time to bring a motion for reconsideration was denied October 11, 1989, and the instant petition was thereafter filed. Real party Singhal has been notified of our intention to issue a peremptory writ in the first instance (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]), and has filed opposition to the petition.

## DISCUSSION

■■■ The granting or denying of a motion for trial preference lies in the sound discretion of the trial court (§ 36), and the Supreme Court has held a trial court does not have a mandatory duty to grant a motion for preferential trial setting solely to avoid the expiration of the five-year period set forth in section 583.310. (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 346, 349 [228 Cal.Rptr. 504, 721 P.2d 590].) ■■■ Nonetheless, the approach of the five-year limit is "a critical consideration" (42 Cal.3d at p. 346) which here, in view of petitioner's reasonable diligence, the respondent's serious mishandling of the matter, and the absence of a showing of prejudice to Singhal of an accelerated trial date, compels us to grant relief.

■■■ The record in this case reflects attorney Swanson diligently pursued this case from the time she became counsel for petitioner, and but for the respondent's repeated failures to perform its proper functions she would not find herself in the instant predicament. This is not a case in which the plaintiff has failed to prosecute his action or has otherwise been guilty of unreasonable procrastination (see, e.g., *Parlen* v. *Golden State Sanwa Bank* (1987) 194 Cal.App.3d 906, 912-913 [240 Cal.Rptr. 73]), nor is it a case in which he has unjustifiably relied upon the court to perform its official duty (see *Karubian* v. *Security Pacific Nat. Bank* (1984) 152 Cal.App.3d 134, 139-140 [199 Cal.Rptr. 295]), or has attempted to shift responsibility on the court system for keeping track of applicable dates and for moving the case forward. (*Hill* v. *Bingham* (1986) 181 Cal.App.3d 1, 11, 12 [225 Cal.Rptr. 905].) Rather, attorney Swanson acted with sufficient diligence to bring the case to trial, but was repeatedly stymied by the cumulative errors committed by the respondent. Considering the "total picture," the policy favoring disposition of actions on their merits rather than on procedural grounds (§ 583.130; *San Bernardino City Unified School Dist.* v. *Superior Court*

(1987) 190 Cal.App.3d 233, 240 [235 Cal.Rptr. 356]), and absent a showing of prejudice to real party Singhal resulting from the accelerated trial date (see *Dick* v. *Superior Court* (1986) 185 Cal.App.3d 1159, 1166-1167 [230 Cal.Rptr. 297]), the interests of justice require petitioner be accorded relief.

### DISPOSITION

Let a peremptory writ of mandate issue directing respondent to vacate its order of September 28, 1989, in superior court case No. SOC75295 denying petitioner's motion to restore the case to the civil active list and specially set the case for trial, and to enter a new and different order granting the motion. Respondent is further directed to commence the trial in this matter within 30 days of this order becoming final as to this court. The time from October 18, 1989, until the date of commencement of the trial shall be excluded for purposes of section 583.310.

Good reason appearing, this opinion shall be deemed final as to this court ten (10) days from the date hereof. (Cal. Rules of Court, rule 24(c).)