[No. B018546. Second Dist., Div. Four. Sept. 14, 1987.]

MARILYN PARLEN, Plaintiff and Appellant, v.
GOLDEN STATE SANWA BANK, Defendant and Respondent.

COUNSEL

Arnold L. Ross and Hilda Gonzalez for Plaintiff and Appellant.

Hosp, Lytle, Richard & Granieri, F. Phillip Hosp and Marvin G. Fischler for Defendant and Respondent.

OPINION

McCLOSKY, J.—Plaintiff Marilyn Parlen (Parlen) appeals from a judgment of dismissal of this action entered pursuant to Code of Civil Procedure[1] section 583.410[2] for delay in prosecution of her case. This dismissal followed the denial of her motion to specially set the case for trial.

On January 14, 1981, plaintiff instituted this lawsuit. The substance of her complaint is not relevant to the determination of this appeal. On February 18, 1982, plaintiff amended her complaint by naming First City Bank, the predecessor-in-interest to respondent Golden State Sanwa Bank (Sanwa Bank), as Doe Defendant No. 1.

On March 18, 1982, Sanwa Bank filed its answer to Parlen's complaint.

On May 7, 1982, leave of court having been granted, Parlen filed a first amended complaint. Sanwa Bank filed an answer to the first amended complaint on June 10, 1982.

---

[1] All statutory references herein are to the Code of Civil Procedure.

[2] In pertinent part section 583.410 provides: "(a) The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case."

The record on appeal discloses no further effort by Parlen to bring this case to trial until November 5, 1985, when she filed an at-issue memorandum.

On November 6, 1985, Parlen filed a motion to specially set the case for trial on the ground "that the original Complaint was filed in January, 1981, and this action is now within four (4) months of the five (5) year limitation period for bringing actions to trial under Code of Civil Procedure § 583.310."

In his declaration in support of his client's motion, Parlen's attorney stated the sole basis for granting the motion to specially set the case for trial as follows: "The original Complaint was filed in January, 1981, in the Los Angeles Superior Court. Unless the action is set for trial prior to January, 1986, the action will become more than five (5) years old and subject to dismissal under Code of Civil Procedure § 583.310."

Sanwa Bank and several other defendants opposed Parlen's motion to specially set the case for trial.

The hearing on Parlen's motion was held as scheduled on November 27, 1985. At that hearing, the trial court bluntly stated: "Let me put it this way: I've never seen such a deficient affidavit in my life. I mean, all you basically say is, the complaint was filed in January of '81, and now we would like to get it to trial so it won't get dismissed."

The trial court further commented on the inadequacy of the declaration filed in support of Parlen's motion to specially set the case for trial stating, "I think that, to come into court with an affidavit that says, hey, this case is now getting close to the five year date, please set it, is not enough. I just don't see any diligence whatsoever."

At the conclusion of the hearing, the trial court denied Parlen's request for trial preference and, on its own motion, dismissed this action for delay in prosecution pursuant to section 583.410.

Judgment of dismissal was signed and filed on December 10, 1985, and entered the following day. Parlen's subsequent motion for reconsideration of the order denying her motion to specially set the case for trial was denied. This appeal from the judgment of dismissal followed. Parlen did not appeal from the order denying her motion for reconsideration.

## CONTENTIONS

Parlen contends (1) that the trial court abused its discretion in denying her motion to specially set the case for trial; (2) that the defendants would

not be prejudiced by setting the case for trial within the five-year statute; (3) that her delay in setting the case for trial was justifiable; and (4) that the trial court erred in dismissing this case pursuant to section 583.410.

## DISCUSSION

The resolution of this case is clearly governed by the California Supreme Court's decision in *Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342 [228 Cal.Rptr. 504, 721 P.2d 590], which was filed on August 7, 1986.

When Parlen filed her opening brief on February 13, 1987, she stated therein that *"Salas* v. *Sears, Roebuck & Company,* 173 Cal.App.3d 349, 356 (1985), cited by Defendants . . . has no precedential value as *Salas* has been accepted for rehearing by the California Supreme Court." In fact, in an unanimous opinion, the Supreme Court had affirmed the judgment of the Court of Appeal on August 7, 1986, and did not grant a rehearing.

In support of her contention that the trial court cannot deny a motion to specially set a case for trial if there exists a reasonable time within which to bring the case to trial prior to the expiration of the five-year limitational period, Parlen relies on the cases of *Campanella* v. *Takaoka* (1984) 160 Cal.App.3d 504 [206 Cal.Rptr. 745], and *Kotoff* v. *Efseaff* (1985) 172 Cal.App.3d 991 [218 Cal.Rptr. 499].

In *Salas,* the Supreme Court expressly "disapprove[d] *Campanella* and *Kotoff* to the extent they conclude that a court exercising its discretion on a motion for special trial preference may not consider the plaintiff's lack of diligence or prejudice to the defendant once the five-year bar is imminent." (42 Cal.3d at p. 346.)

In *Salas,* the court was presented with the question of whether the trial court has discretion to deny a motion for trial preference made so as to avoid mandatory dismissal for failure to prosecute an action within five years after the complaint was filed. The *Salas* court held that under section 36, subdivision (d)[3] "the decision to grant or deny a preferential trial setting rests at all times in the sound discretion of the trial court in light of the totality of the circumstances." (42 Cal.3d at p. 344; see also *Karubian* v. *Security Pacific Nat. Bank* (1984) 152 Cal.App.3d 134, 140 [199 Cal.Rptr. 295].)

---

[3]Section 36, subdivision (d) states: "Notwithstanding any other provision of law, the court may in its discretion grant a motion for preference served with the memorandum to set or the at-issue memorandum and accompanied by a showing of cause which satisfies the court that the interests of justice will be served by granting such preference."

The *Salas* court noted that in its former decision in *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554 [194 Cal.Rptr. 773], "we emphasized that a motion for a preferential setting raises the same issues for the trial court as a motion to dismiss for failure to prosecute pursuant to section 583(a).[4] ' "In passing upon the motion for an early and preferential setting, the court was not limited to a consideration of the single fact that the five-year period was about to expire but was required to view the total picture, including the dilatory action of the plaintiff, the condition of the court's calendar, the rights of other litigants, and the prejudice to the defendant resulting from the delay. [Citations.] The action of the court on such a motion is tantamount to action upon a motion to dismiss for failure to prosecute within the two-year period described by section 583 of the Code of Civil Procedure; in each instance the motion is addressed to its sound legal discretion; the motivating factors in the exercise of that discretion would be pertinent to both motions; and its decision 'will be disturbed only in cases of manifest abuse.' " ' [Citation.]" (42 Cal.3d at p. 346.)

The *Salas* court noted that "[a]lthough the approach of the five-year limit is a critical consideration in ruling on motions pursuant to section 36(d), it is not exclusive." (42 Cal.3d at p. 346.)

■ Parlen argues that the trial court erred in dismissing her action pursuant to section 583.410 for lack of prosecution because such action violates the state's policy of disposing of cases on their merits.[5]

*Salas* answered this concern when it stated: "[W]e conclude that although the interests of justice weigh heavily against disposing of litigation on procedural grounds—a policy we reaffirm—that policy will necessarily

---

[4]Former section 583, subdivision (a) provided: "The court, in its discretion, on motion of a party or on its own motion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with the rules adopted by the Judicial Council." (Repealed Stats. 1984, ch. 1705, § 4, p. 6176.)

The substance of the first sentence of former section 583, subdivision (a) is currently contained in section 583.420. The substance of the second sentence was enacted in section 583.410. (See Cal. Law Revision Com. com., West's Ann. Code Civ. Proc., § 583 (1987 cum. supp.) p. 25.)

[5]Section 583.130 provides: "It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action but that all parties shall cooperate in bringing the action to trial or other disposition. Except as otherwise provided by statute or by rule of court adopted pursuant to statute, the policy favoring the right of parties to make stipulations in their own interests and the policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter."

prevail *only if a plaintiff makes some showing of excusable delay.*" (42 Cal.3d at p. 347; fn. omitted, italics added.)

Moreover, California Rules of Court, rule 375(b) in pertinent part provides that "[a] motion to advance, reset, or specially set a case for trial shall not be granted, except on notice, *the filing of a declaration showing good cause,* and the appearance by the moving party at the hearing on the matter." (Italics added.)

In her moving papers Parlen made no showing whatsoever of excusable delay or good cause. In his declaration in support of the motion to specially set the case for trial her attorney stated only that the five-year mandatory dismissal date was approaching and that the case might be dismissed unless it was set for trial. He made no attempt to demonstrate that Parlen had proceeded with reasonable diligence or to explain why she had been unable to proceed toward trial in a more timely fashion. Since Parlen made no showing of excusable delay and, hence, no showing of good cause as to why her motion to specially set the case for trial should be granted, we conclude that the policy favoring trial on the merits does not prevail in this instance. Parlen's belated endeavor on appeal to justify her delay based on her claimed attempt to mitigate her damages and her inability to depose an allegedly crucial witness cannot be countenanced.

 In deciding whether to grant a preferential trial date, the trial court must consider the totality of the circumstances. The *Salas* court explained: "[A] trial court does not have a mandatory duty to set a preferential trial date, even when the five-year deadline approaches. Its discretion is not wholly unfettered: it must consider the 'total picture,' . . . including the condition of the court calendar, dilatory conduct by plaintiff, prejudice to defendant of an accelerated trial date, and the likelihood of eventual mandatory dismissal if the early trial date is denied. [Citation.]

"A discretionary standard for determining motions under section 36(d), even on the eve of the five-year deadline, is consistent with the legislative intent to promote diligent and orderly prosecution by requiring plaintiffs to make some showing of excusable delay. . . ." (42 Cal.3d at p. 349.)

 In the present case, the record on appeal discloses no action taken by Parlen between May 7, 1982, when she filed her first amended complaint and November 5, 1985, a period of three years and almost six months, when she filed her at-issue memorandum. Parlen has failed to make any showing

that she diligently prosecuted this case during this period or had an excusable reason for the delay.

Parlen's motion to specially set the case for trial was filed on November 6, 1985, some 69 days before the expiration of the five-year period within which to bring the case to trial, and was noticed for a hearing on November 27, 1986, some 48 days before the five-year limit.

We have already noted that Parlen's conduct was dilatory and that she has made no showing of reasonable diligence, excusable delay or good cause. That her supporting declaration was nothing short of deficient was firmly commented upon by the trial judge.

In its opposition to Parlen's motion, Sanwa Bank stated that it would be unduly prejudiced if trial preference were granted Parlen because it would be unable to prepare for trial, specifically stating that it had not deposed Parlen because she had not been available, had not completed discovery and that certain witnesses were no longer available.

Parlen argues that "[i]t is an anomaly for the Defendant [Sanwa Bank] to attempt to persuade this Court to dismiss the subject action based on the fact that Defendant has been less than diligent in developing its cases and conducting discovery in preparation of eventual trial." This contention is meritless. "Because a defendant's presence in the case is involuntary and he is put to a defense only, no more can be expected of him than to meet the plaintiff step by step." (*Martin* v. *K & K Properties* (1987) 188 Cal.App.3d 1559, 1567 [234 Cal.Rptr. 161].) "[A] 'defendant need make no move until the law requires him to do so "in response to the movements of plaintiff at the various stages of litigation." ' " (*Minkin* v. *Levander* (1986) 186 Cal.App.3d 64, 69 [230 Cal.Rptr. 592], quoting *Bonelli* v. *Chandler* (1958) 165 Cal.App.2d 267, 275 [331 P.2d 705].)

█ Moreover, even if Sanwa Bank has not been prejudiced by Parlen's delay in prosecution, the California Supreme Court has noted that " '[t]he legislative policy underlying section 583[6] is not grounded solely in prejudice caused by delay to a defendant. Its purpose, too, is to expedite the administration of justice by compelling every person who files an action to prosecute it with promptness and diligence.' " (*Blank* v. *Kirwan* (1985) 39

---

[6]See footnote 4, *ante.*

Cal.3d 311, 332 [216 Cal.Rptr. 718, 703 P.2d 58], quoting *Sprajc* v. *Scandanavian Airlines System, Inc.* (1966) 240 Cal.App.2d 935, 938 [50 Cal.Rptr. 181].)

 Parlen further argues that this action "is one among some thirty-eight (38) similar actions which have been recently adjudicated or settled while some are still pending and proceeding at trial." To the extent that Parlen thereby intimates that Sanwa Bank would already have available to it the preparation for those other cases which would purportedly contain the information necessary to defend this case, we note that at the hearing on Parlen's motion to specially set the case for trial, counsel for defendant Sanwa Bank stated that its client was not a party to any of these other actions and that the sole basis for its being in this case is an alleged improper negotiation of restrictedly endorsed checks. Parlen made no showing to the contrary.

Although we do not know the actual condition of the court calendar at the time here pertinent, that our courts are overburdened is a well-known fact. As the *Salas* court noted, "court congestion remains an unfortunate reality, causing inevitable delay, often of several years, regardless of a party's diligence." (42 Cal.3d at p. 349.) On appeal, Parlen does not contend and makes no attempt to show that giving her a trial preference would not have upset an already overburdened calendar. Moreover, "[i]nexcusable delay by [plaintiff], coupled with some prejudice . . . could outweigh the other factors considered by the trial court even if it results in an inevitable dismissal of the action." (*San Bernardino City Unified School Dist.* v. *Superior Court* (1987) 190 Cal.App.3d 233, 240 [235 Cal.Rptr. 356].)

A word of caution is in order. A plaintiff's diligence should not be judged solely by whether or not that plaintiff has conducted or completed formal discovery.

More winning information is sometimes contained in a single signed witness statement or in a particular document in a party's possession than is contained in a great amount of formal discovery. It is therefore foolishly mechanistic and profitless to judge a party's preparedness for trial solely by whether he or she has conducted formal discovery.

Mindless or needless overdiscovery results in overbilling of clients and contributes to the clogging of the courts. It should be discouraged not

encouraged. Thus, whether formal discovery has been conducted is but one important factor in the "totality of the circumstances" to be considered in deciding whether to dismiss "for delay in prosecution." It must not be the only determinant nor should it be given undue emphasis in making the determination of excusable delay or good cause.

▮ We conclude that under the "total picture" including the likelihood of mandatory dismissal upon denial of trial preference, the trial court did not abuse its discretion in denying Parlen's motion to specially set this case for trial and in dismissing this action for lack of prosecution.

The judgment is affirmed.

Kingsley, Acting P. J., and Munoz, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.