[No. B041112. Second Dist., Div. One. Mar. 12, 1990.]

BIONDI, FLEMMING AND GONZALES, Cross-complainant and Appellant, v.
KENIE LEE BRAHAM et al., Cross-defendants and Respondents.

COUNSEL

Newton & Newton, Jerry L. Newton and Leslie A. Newton for Cross-complainant and Appellant.

Flahavan & Hudson, Lawrence J. Bistany, David M. Pflaum, Davis & Davis and M. Stephen Davis for Cross-defendants and Respondents.

---

OPINION

ORTEGA, J.—Biondi, Flemming and Gonzales (Biondi), a joint venture, appeals from the order dismissing its cross-complaint for delay in prosecution.[1] We reverse.

FACTS

On February 13, 1984, plaintiff, Kenie Lee Braham, filed a complaint against Biondi and others, alleging breach of contract and fraud regarding a sale of real estate by Biondi and requesting an injunction to prevent foreclosure.

Biondi filed its answer on March 27, 1984. On the same date Biondi filed a cross-complaint against Braham, Tiffany Real Estate, Inc. (Tiffany), and Mutual Escrow Company (Mutual), alleging fraud, negligent misrepresentation, breach of contract, negligence, and breach of fiduciary duty. On November 9, 1984, Biondi filed an at-issue memorandum estimating a six-day trial. No pretrial conference was requested.

From March 1984 to September 1985, Biondi conducted discovery. Biondi took the deposition of Braham and other witnesses, served interrogatories, and requested production of documents. Biondi also responded to discovery requests by Tiffany and Mutual.

In March 1985 an arbitration conference was held, and the court found the amount in controversy exceeded $25,000. In November 1986 a substitution of attorney substituting plaintiff in propria persona was filed.

In February 1987 the court clerk sent Braham a notice of a trial setting conference scheduled for June 9, 1987. In the notice, the court stated it intended to dismiss the action on its own motion if the complaint was filed more than two years before the conference date and Braham did not appear at the conference. The clerk did not serve the notice on any of the other

---

[1] Biondi also purports to appeal from the order denying its motion for trial preference. That order is not appealable, but may be reviewed on this appeal from the order of dismissal. (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 345, fn. 3 [228 Cal.Rptr. 504, 721 P.2d 590].)

parties, but instead directed Braham to notify the parties of the conference. Braham failed to notify Biondi of the conference.

There was no appearance at the trial setting conference, and the court removed the case from the civil active list and vacated the at-issue memorandum.

In late 1987 Biondi's attorney asked the master calendar clerk about the status of the case. Biondi's attorney told the clerk he was concerned the matter might not be set for trial within five years after the cross-complaint was filed. The clerk stated notice of a status conference would be sent in the spring of 1988 and trial would be set within the five-year period.

On May 18, 1988, Biondi's attorney again inquired regarding the status of the case. The clerk informed Biondi's attorney that a status conference had been set and the case had been removed from the civil active list because there was no appearance at the conference. Biondi's attorney had not received notice of the conference and had not previously received notice the case had been removed from the civil active list.

On May 26, 1988, Biondi filed and served a second at-issue memorandum estimating a six-day trial and was told by the clerk's office that a status conference would be set in October 1988.

On August 8, 1988, the court clerk mailed Braham a notice that a trial setting conference would be held on September 22, 1988. The notice again directed Braham to inform the other parties of the conference and stated that if the complaint had been filed more than two years before the conference date and plaintiff did not appear at the conference, the court would dismiss the action for lack of prosecution. On August 18, 1988, the post office returned the notice to the court with a notation that it was undeliverable as addressed and the forwarding order had expired. On that same date the clerk apparently served Braham's former counsel with notice of the trial setting conference and intention to dismiss. Neither Braham nor her former counsel notified Biondi of the conference and the court's intention to dismiss.

On September 22, 1988, there was no appearance at the trial setting conference, and the court again removed the case from the civil active list and struck the at-issue memorandum.

On December 13, 1988, Biondi's attorney wrote a letter to the court clerk, inquiring whether "setting of the status conference [would be] forthcoming soon." In the letter Biondi's attorney stated when the cross-com-

plaint was filed and expressed concern about the approach of the five-year deadline. He explained that without notice to Biondi a status conference had previously been set and the case had been removed from the civil active list when there was no appearance at the conference. He stated he had been told a new status conference would be set for October 1988 but he had heard nothing about the conference. Copies of this letter were served on opposing counsel, Braham, and Braham's former attorneys.

On January 3, 1989, Biondi's attorney received a reply from the court clerk, stating: "In sending out notice of trial setting conference we only send notice to plaintiff's attorney not defendant['s] attorney. We set a trial setting conference date for 9-22-88. It went off calendar and at-issue was vacated."

On January 12, 1989, Biondi filed a motion to specially set the case for trial within five years after the cross-complaint was filed. In a supporting declaration, Biondi's attorney described the procedural history of the case and stated that if his law office had received notice of the trial setting conference, the law firm would have appeared.

In opposition to the motion, Tiffany and Mutual contended Biondi did not diligently prosecute the matter. In a declaration, Mutual's attorney asserted it was impractical for him to prepare the case for trial before March 26, 1989, because he had many trials scheduled. He also stated he was a member of a small firm, no discovery had been undertaken regarding the cross-complaint, and Braham's former attorneys had lost contact with their client. He noted Biondi had not filed a third at-issue memorandum.

Tiffany's attorney stated in a declaration that Tiffany had been unable to locate Braham and believed she might be unavailable for trial. He asserted there were "several other potential witnesses" Tiffany had been unable to locate. He claimed that if the matter were specially set, there would be insufficient time for Tiffany to complete discovery, obtain expert witnesses, prepare pretrial pleadings, and otherwise prepare for trial. He also asserted special setting would conflict with his duty to represent other clients.

The court denied the motion to specially set and dismissed the entire action sua sponte, stating: "[T]he rules of court require that arbitration be determined 90 days before the trial and there aren't 90 days before the trial. I would have to set you 15 days from now pursuant to CCP 594 for trial and ordinarily in this court we require 60 days to manage cases. We're not allowing any case to go beyond the five-year date whether lawyers waive the statute or not. . . . [¶] . . . We're trailing 19 cases on this court's calendar. We're able to send out about two or three cases a day depending on how many felonies we have to try. The time for discovery is over. [Code of Civil

Procedure section] 2034 cuts off discovery 30 days before the trial date so there would be no time for discovery. Time for disclosure of experts has come and gone and therefore based on the court's calendar, based on the efforts made by counsel for plaintiff to move this case to trial, the court finds it's an appropriate case to dismiss. The motion [to] specially set is denied and under the court's authority under [Code of Civil Procedure section 36, subdivision (e)],[2] the case is dismissed."[3]

## ISSUES

Biondi contends the court abused its discretion by denying the motion to specially set and dismissing the action.

## DISCUSSION

■ A motion to specially set to avoid the bar of the five-year statute (§ 583.310) raises the same issues as a motion for discretionary dismissal based on delay in prosecution (§§ 583.410, 583.420).[4] (*Salas v. Sears, Roebuck & Co., supra*, 42 Cal.3d at p. 346.) The court should consider the criteria listed in California Rules of Court, rule 373(e) when deciding a motion to specially set under section 36, subdivision (e) (formerly § 36, subd. (d)).[5] (*Salas, supra*, at p. 346, fn. 4.)

---

[2] Code of Civil Procedure section 36, subdivision (e) provides: "Notwithstanding any other provision of law, the court may in its discretion grant a motion for preference served with the memorandum to set or the at-issue memorandum and accompanied by a showing of cause which satisfies the court that the interests of justice will be served by granting this preference."

All further statutory references are to the Code of Civil Procedure.

[3] Braham did not appeal from the order dismissing her complaint.

[4] Section 583.410 provides in pertinent part: "(a) The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case. . . ."

Section 583.420 provides in pertinent part: "(a) The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred: [¶] . . . . [¶] (2) The action is not brought to trial within the following times: [¶] (A) Three years after the action is commenced against the defendant . . . ."

[5] California Rules of Court, rule 373(e) provides: "In ruling on the motion [to dismiss for delay in prosecution] the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's

In *Weeks* v. *Roberts* (1968) 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361], the plaintiff filed a motion to specially set the matter for trial four years and eleven months after the complaint was filed. A trial date was set within the five-year period in which the case had to be brought to trial to avoid mandatory dismissal. The court later vacated the trial date, concluding plaintiff should have allowed sufficient time for ordinary trial setting, and the matter was subsequently dismissed because it had not been brought to trial within five years. The Supreme Court concluded that the trial date was improperly vacated. The court explained: "Fault and delay may be ground for dismissal; but court congestion is no reason to preempt one's day in court when there is a reasonable time to provide it." (*Id.* at p. 807.)

In *Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d 342, the plaintiffs' case was removed from the civil active list as a sanction for their failure to serve the defendants with written notice of the trial setting conference after being ordered to do so. The plaintiffs failed to initiate discovery and, during the next 10 months, did nothing to return the case to the civil active list or to set the matter for trial. The court denied the plaintiffs' motion to specially set, which was filed forty days before expiration of the five-year period, and later granted the defendants' motions to dismiss based on the plaintiffs' failure to bring the matter to trial within five years.

The Supreme Court stated the approach of the five-year limit is a critical consideration in ruling on a motion to specially set under former section 36, subdivision (d) (now § 36, subd. (e)) and the trial court must be guided by the policies described in section 583.130 in determining a motion for discretionary dismissal based on failure to prosecute. (*Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d at pp. 346-347.) The court explained that, in deciding whether to set a preferential trial date in a case in which the five-year deadline approaches, the court must consider the total picture, "including the condition of the court calendar, dilatory conduct by plaintiff, prejudice to defendant of an accelerated trial date, and the likelihood of eventual mandatory dismissal if the early trial date is denied. [Citation.]" (*Id.* at p.

---

calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. The court shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure."

Section 583.130 provides: "It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action but that all parties shall cooperate in bringing the action to trial or other disposition. Except as otherwise provided by statute or by rule of court adopted pursuant to statute, the policy favoring the right of parties to make stipulations in their own interests and the policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter."

349.) The court stated: "As we emphasized in *Weeks*, it is monstrous to deny a forum to a plaintiff simply because the procedure of the courts has been too slow. ([*Weeks* v. *Roberts, supra*,] 68 Cal.2d at p. 807.) On the other hand, if we were to require mandatory early trial setting without regard to a plaintiff's diligence we would in effect reward unreasonable procrastination to the prejudice of defendants, to diligent litigants who have had trials set and as a result will lose their priority, and to our already overburdened court calendars." (*Ibid.*)

The Supreme Court concluded that the trial court did not abuse its discretion in view of the plaintiffs' failure to support the motion to specially set, to initiate discovery, and to restore the case to the civil active list. (42 Cal. 3d at pp. 349-350.) The court held that the policy in favor of disposing of litigation on the merits rather than on procedural grounds will necessarily prevail only if the plaintiff makes some showing of excusable delay. (*Id.* at p. 347.) The court distinguished *Weeks* on the grounds that there the plaintiff had completed discovery and pretrial proceedings and been granted a preferential trial date within the five-year period but the trial date was vacated because of court congestion. (*Salas* v. *Sears, Roebuck & Co., supra*, 42 Cal.3d at pp. 347-348.)

By filing an at-issue memorandum within one year after the cross-complaint, Biondi diligently attempted to bring the case to trial well within the mandatory five-year period of section 583.310 and the three-year period described in section 583.420. (Former Cal. Rules of Court, rule 206 [now Cal. Rules of Court, rule 209(a)]; see 7 Witkin, Cal. Procedure (3d ed. 1985) Trial, §§ 47, 61, pp. 54, 69.) Early in the litigation Biondi conducted discovery, including Braham's deposition, and responded to discovery requests by Tiffany and Mutual. An arbitration conference was held one year after Biondi filed the cross-complaint.

Under California Rules of Court, rule 217(b), the clerk was required to give notice of the trial setting conference to *all* parties who had appeared. Rule 217(b) provides: "*The clerk shall give* not less than 60 days' *notice* by mail of the time and place of the trial setting conference in each case *to all parties who have appeared* unless the parties agree to a shorter time or the court orders the time shortened for good cause shown on noticed motion, *and no further notice need be given by any party.*" (Italics added.) It was especially important that Biondi receive notice as Biondi had filed the at-issue memorandum.

We note that in implementing the Trial Court Delay Reduction Act of 1986 (Gov. Code, § 68600 et seq.), Los Angeles County Superior Court has adopted rules providing that in fast track matters the clerk shall serve the

plaintiff with notice of a status conference and the plaintiff shall then serve a copy of the notice on all other parties who have appeared. (Super. Ct. L.A. County Rules, rules 1105.1.2 & 1105.1.3.) We also note Government Code section 68612 provides that judges selected for an "exemplary delay reduction" (fast track) program may develop and publish procedures that are inconsistent with the California Rules of Court. The record does not reflect that the present case was part of the fast track program. Whether or not a case is part of the fast track program, due process requires that at a minimum the court provide notice of a status or trial setting conference to any plaintiff, any party in the nature of a plaintiff, such as a cross-complainant (see Code Civ. Proc., § 429.30, subd. (a)(2)), and any party who filed an at-issue memorandum before the case may be removed from the civil active list because such party failed to appear at the conference. (Cf. *O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 961-962 [196 Cal.Rptr. 409] [due process requires that a party receive adequate notice before sanctions may be imposed].) Implementation of routine procedures for providing notice of the conference to any plaintiff, any party in the nature of a plaintiff, and any party who has filed an at-issue memorandum should prevent a situation such as occurred in the present case: striking a cross-complainant's at-issue memorandum following service of notice of a trial setting conference on a plaintiff who disappeared and on the plaintiff's former counsel without notice of the conference to the cross-complainant who filed the at-issue memorandum.

*Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d 342 is distinguishable as in that case the plaintiffs had filed the at-issue memorandum and received notice of the trial setting conference from the court. In *Salas* the Supreme Court did not address whether the trial court properly ordered the plaintiffs to serve the other parties with notice of the trial setting conference rather than itself serving the notice on all parties and did not discuss or cite California Rules of Court, rule 217. Rather, the court held that under the totality of the circumstances, including the plaintiffs' delay in failing to restore the case to the civil active list after having received notice of the trial setting conference from the court, there was no abuse of discretion in the denial of the plaintiffs' motion to specially set. (*Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d at pp. 349-350.) We conclude the trial court must serve notice of the status or trial setting conference on any party who is a plaintiff or in the nature of a plaintiff, such as a cross-complainant, and on any party who has filed an at-issue memorandum. (Cf. *O'Brien* v. *Cseh, supra,* 148 Cal.App.3d at pp. 961-962.) Since Biondi is a cross-complainant and filed at-issue memoranda but was not served with notice of either trial setting conference as required by rule 217(b) and fundamental principles of due process, the court erred in vacating the at-issue memoranda and twice removing the case from the civil active list.

Mutual and Tiffany did not demonstrate prejudice from any lack of diligence by Biondi. They were both served with copies of the at-issue memoranda and the December 13, 1988, letter by Biondi's attorney to the court clerk. Thus, Mutual and Tiffany were aware Biondi was actively prosecuting the case. We note the trial court made no finding of prejudice.

In view of Biondi's diligence in attempting to bring the matter to trial and the court's error in failing to notify Biondi of the trial setting conferences and striking the at-issue memoranda, we conclude the court abused its discretion by denying the motion to specially set and dismissing the action. (See § 583.130; Cal. Rules of Court, rule 373(e); *Salas* v. *Sears, Roebuck & Co., supra*, 42 Cal.3d at pp. 346-349; *Weeks* v. *Roberts, supra*, 68 Cal.2d at p. 807; *Dick* v. *Superior Court* (1986) 185 Cal.App.3d 1159, 1167-1169 [230 Cal.Rptr, 297].) The delay in bringing the matter to trial was caused by the court's error in failing to serve Biondi with notice of the trial setting conferences, striking the at-issue memoranda, and twice removing the case from the civil active list and not by any fault of Biondi. When the court denied Biondi's motion to specially set and dismissed the action on February 3, 1989, there was sufficient time within which to give notice of trial. (*Dick* v. *Superior Court, supra*, 185 Cal.App.3d at p. 1166, fn. 9.)

## DISPOSITION

The order of dismissal is reversed. The five-year statutory period within which the matter must be brought to trial (Code Civ. Proc., § 583.310) is tolled from February 3, 1989, until the remittitur is issued. The superior court is directed to set the case for trial to commence within 51 days after the remittitur is issued.

Appellant, Biondi, Flemming and Gonzales, shall recover its costs on appeal.

Spencer, P. J., and Devich, J., concurred.