[No. F013665. Fifth Dist. Apr. 1, 1992.]

RAMON SALINAS, JR., an Incompetent Person, etc., Plaintiff and Appellant, v.
ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY et al., Defendants and Respondents.

**COUNSEL**

Etcheverry, Rodriguez & Noriega amd Daniel Rodriguez for Plaintiff and Appellant.

Clifford, Jenkins & Brown, Stephen T. Clifford, John R. Szewczyk, Robinson, Palmer & Stanton, Oliver U. Robinson and Michael O. Daniels for Defendants and Respondents.

**OPINION**

**VARTABEDIAN, J.**—Plaintiff appeals from a judgment of dismissal for failure to bring his action to trial within five years of commencement. (Code Civ. Proc., § 583.310.) Based upon the totality of the circumstances and factors to be discussed, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On the morning of January 31, 1984, plaintiff Ramon Salinas, Jr., was driving a 1978 Chevrolet Camaro eastbound on Poplar Avenue in Kern County. As he crossed the railroad tracks which intersected with Poplar Avenue, the right rear portion of his vehicle was struck by a freight train, rendering him a paraplegic.

On October 18, 1984, plaintiff filed a complaint for personal injuries and damages against Atchison, Topeka and Santa Fe Railway Company (hereafter Santa Fe), Southern Pacific Transportation Company (hereafter Southern

Pacific), State of California (hereafter State), and County of Kern (hereafter County). The complaint primarily alleged that the defendants' negligence caused the accident in question.

Santa Fe filed its answer to the complaint on December 5, 1984; County answered on December 12, 1984; Southern Pacific answered on June 10, 1986. Plaintiff gave State an open extension of time to answer the complaint and it was not until July 17, 1987, that State filed its answer.

On December 12, 1984, County cross-complained against Santa Fe for indemnity. That cross-complaint was answered on January 4, 1985.

On October 14, 1986, the action against Southern Pacific was dismissed.

Plaintiff filed his at-issue memorandum on April 27, 1988. On July 19, 1989, plaintiff was notified of a trial setting conference date of October 2, 1989.

On August 11, 1989, plaintiff filed a motion to advance the trial to a date certain. State opposed the motion on August 25, 1989. On August 30, Santa Fe filed its opposition to the motion to advance. On September 1, County joined in Santa Fe's opposition.

The motion to advance the trial date was heard on September 6, 1989, and taken under submission. On October 2, 1989, the trial court denied the motion by minute order, stating its reasons as follows:

"1) Plaintiff has presented *no facts in support of its Motion* upon which this Court can ascertain a *basis in fact* for a judicial determination of '*some showing of excusable delay.*'

"2) Plaintiff has demonstrated a distinct lack of diligence in moving the case to trial as exemplified by:

"a) The setting of the Motion 42 days before trial;

"b) An open-ended extension of time for the State to answer the Complaint for a period of 2 years 8 months.

"c) Almost non-existent efforts at discovery.

"3) The delays in setting a trial date are prejudicial to the defense:

"a) Experts have not been designated or deposed;

"b) Counsel have other trial dates set which would conflict with this trial.

"4) The Court calendar currently reflects 16 confirmed Civil trials scheduled for trial in the period October 2 through October 18. (The Court takes judicial notice of the calendar at the request of the State of California). Therefore, it is found that the Court is unable to set the case for trial before the date of October 18, 1989."

On the same day, October 2, 1989, the trial was set for March 19, 1990.

Plaintiff filed an application for order shortening time and a motion for reconsideration of the order denying the motion to advance the trial. Opposition was filed to the motion for reconsideration. The motion was heard on October 11, 1989, and denied. Plaintiff lodged a petition with our court; on October 17, 1989, we denied plaintiff's "petition for writ of mandate, prohibition or other appropriate relief."

Both County and Santa Fe filed motions in the trial court to dismiss the action. State joined in Santa Fe's motion. The matter was heard on December 15, 1989. On January 17, 1990, the court issued its minute order ruling on the motion as follows:

"The motions of all defendants (Atchison, Topeka & Santa Fe Railway Co.; County of Kern's and State of California) to dismiss under CCP §1283.310 et seq must be granted. More than 5 years has expired since the filing of the complaint and there has been no showing of a period during the pendency of the action where the jurisdiction of the Court was suspended or prosecution of the action stayed or enjoined or the bringing of the action to trial was for any other reason impossible, impractical, or futile."

An order and judgment of dismissal was entered on February 21, 1990.

DISCUSSION

*Issues Cognizable on Appeal*

 Both County and Santa Fe[1] assert that since plaintiff has appealed only from the judgment of dismissal, he may not now raise issues relating to the trial court's denial of the motion to advance or the motion for reconsideration.

---

[1]At the request of plaintiff, the appeal relating to the other defendant, State, has been dismissed.

Both defendants misunderstand the effect of appealing from a judgment of dismissal. Code of Civil Procedure section 906 provides in pertinent part that on appeal, "the reviewing court may review the verdict or decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party."

An order denying trial preference is not a final order and is not appealable. (*Dick* v. *Superior Court* (1986) 185 Cal.App.3d 1159, 1163, fn. 5 [230 Cal.Rptr. 297].) Consequently, the ruling on such a motion falls into the intermediate category.

*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 345, footnote 3 [228 Cal.Rptr. 504, 721 P.2d 590] explains how such an order can be reviewed: "Plaintiffs also purported to appeal from the order denying their motion for trial preference. That order is not appealable but may be reviewed on this appeal from the orders of dismissal. (*Vogelsang* v. *Owl Trucking Co.* (1974) 40 Cal.App.3d 1068, 1069 [115 Cal.Rptr. 666] . . . .)"

Because the instant ruling on the motion to advance the trial to a date certain is an intermediate order which necessarily affects the judgment, plaintiff's appeal from the judgment of dismissal allows plaintiff to argue the propriety of the court's order denying that earlier motion.

*Motion to Advance Trial Date*

 The critical issue here is whether the trial court abused its discretion in refusing to advance the case to a date certain within the five-year period.

 The factors considered by a court on a motion to specially set are essentially the same as those considered on a motion to dismiss. (*Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 561 [194 Cal.Rptr. 773, 669 P.2d 9].)

More specifically, a motion to specially set to avoid the bar of the five-year statute raises the same issues as a motion for discretionary dismissal based on delay in prosecution. (*Biondi, Flemming & Gonzales* v. *Braham* (1990) 218 Cal.App.3d 842, 847 [267 Cal.Rptr. 365].) The court should consider the factors listed in California Rules of Court, rule 373(e)

when deciding a motion to specially set under Code of Civil Procedure section 36, subdivision (e).[2] (*Biondi, supra,* at p. 847.)

California Rules of Court, rule 373(e) provides:

"In ruling on the motion [to dismiss for delay in prosecution] the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. The court shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure."

Code of Civil Procedure section 583.130 provides:

"It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action but that all parties shall cooperate in bringing the action to trial or other disposition. Except as otherwise provided by statute or by rule of court adopted pursuant to statute, the policy favoring the right of parties to make stipulations in their own interests and the policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter."

The trial court is not required to expressly mention the factors set out in California Rules of Court, rule 373(e) that it has considered in making its determination. (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 563.)

---

[2]Code of Civil Procedure section 36, subdivision (e) provides, "Notwithstanding any other provision of law, the court may in its discretion grant a motion for preference served with the memorandum to set or the at-issue memorandum and accompanied by a showing of cause which satisfies the court that the interests of justice will be served by granting this preference."

█ *Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d 342, 349, concluded that the trial court has discretion in deciding whether to set a preferential trial date even when the five-year deadline approaches.

"A discretionary standard for determining motions under section 36(d), even on the eve of the five-year deadline, is consistent with the legislative intent to promote diligent and orderly prosecution by requiring plaintiffs to make some showing of excusable delay. We are concerned that court congestion remains an unfortunate reality, causing inevitable delay, often of several years, regardless of a party's diligence. As we emphasized in *Weeks* [*Weeks* v. *Roberts* (1968) 68 Cal.2d 802 (69 Cal.Rptr. 305, 442 P.2d 361)], it is monstrous to deny a forum to a plaintiff simply because the procedure of the courts has been too slow. [Citation.] On the other hand, if we were to require mandatory early trial setting without regard to a plaintiff's diligence we would in effect reward unreasonable procrastination to the prejudice of defendants, to diligent litigants who have had trials set and as a result will lose their priority, and to our already overburdened court calendars."

### Reasonable Diligence

█ Plaintiff gave State an open extension of time to answer for almost two and a half years so that all answers to the complaint were not filed until July 1987. It was not until April 27, 1988, that the at-issue memorandum was filed.

Plaintiff emphasizes the fact that his at-issue memorandum was filed 18 months before the 5-year statute ran. Conversely, it was also filed three and a half years after the action was commenced and almost a year after the last answer was filed. The court appropriately concluded that, *under the circumstances,* the fact that the at-issue memorandum was filed 18 months before the 5-year period expired did not demonstrate reasonable diligence.

Regarding preparation for trial, the record shows that plaintiff propounded interrogatories to Santa Fe in March 1985, to Southern Pacific in July 1986, and to County in August 1987. A demand for inspection and copying of documents was made of Santa Fe in July 1987. In March 1989, plaintiff joined in Santa Fe's request for production of certain documents by other defendants. Although plaintiff did not notice any depositions, he participated in eight depositions that were scheduled by the defendants, with plaintiff Ramon Salinas, Jr., being deposed in May 1989.[3]

█ "A plaintiff's diligence should not be judged solely by whether or not that plaintiff has conducted or completed formal discovery. [¶] . . . [¶]

---

[3]Circumstances surrounding this deposition, as is reflected in the record, sheds further light on the question of plaintiff's diligence. On January 11, 1989, Santa Fe filed a motion to

. . . Thus, whether formal discovery has been conducted is but one important factor in the 'totality of the circumstances' to be considered in deciding whether to dismiss 'for delay in prosecution.' It must not be the only determinant nor should it be given undue emphasis in making the determination of excusable delay or good cause." (*Parlen* v. *Golden State Sanwa Bank* (1987) 194 Cal.App.3d 906, 914-915 [240 Cal.Rptr. 73].)

██ The trial court characterized plaintiff's efforts at discovery as "almost non-existent." Even though plaintiff characterizes his discovery as "extensive," the record reveals that in four years and ten months he sought only three sets of interrogatories and made two requests for production of documents; he had attended eight depositions, none of which plaintiff scheduled.

At the September 6, 1989, hearing on the motion to advance the trial date, counsel for Santa Fe represented to the court that, the day before, a set of interrogatories had been served on Santa Fe by plaintiff. The court noted, "All right. The Court is in receipt, and is a part of the records of these proceedings, appear to be form interrogatories, apparently, which are directed to the respective defendants in this case."

Thus, even as the motion to advance the trial date was being held, the court could reasonably conclude plaintiff was still not ready to proceed to trial since he was still engaged in very general discovery.

The record also discloses that on August 29, 1989, State brought a motion for an order compelling plaintiff to respond to certain interrogatories.

While plaintiff had conducted some discovery, it was hardly completed at the time of the hearing of the motion to advance, a mere 42 days before the running of the 5-year statute; while discovery is not the only indicia of diligence, it is a valid one that the court appropriately considered.

The delay in just bringing the motion to advance, itself, goes to the issue of diligence. Plaintiff was notified on July 19, 1989, of the October 2, 1989, trial setting conference. Yet plaintiff did not file his motion until August 11,

---

compel plaintiff to answer questions propounded to him at his deposition of December 12, 1988. The deposition was taken in Houston, Texas, and at plaintiff's counsel's instruction plaintiff would not answer any questions regarding the accident or the events that took place on the day of the accident on the basis that plaintiff was ill or incompetent. The motion to compel was finally heard on February 14, 1989. The trial court granted the motion and imposed sanctions on plaintiff. Ruling on plaintiff's motion for protective order, the court found that there was no competent evidence that plaintiff's health would be impaired by having his deposition taken or that he was incompetent to testify at deposition.

1989, and then he scheduled the hearing for September 6, 1989. Nothing in the record indicates that plaintiff made any effort to shorten the time to allow an earlier hearing date. The court could have reasonably concluded that a time lag of seven weeks in bringing the motion did not show reasonable diligence under the circumstances.

In *Biondi, Flemming & Gonzales* v. *Braham, supra*, 218 Cal.App.3d 842, the trial court denied a motion to specially set the trial and subsequently dismissed the action. The appellate court noted at page 851:

"In view of Biondi's diligence in attempting to bring the matter to trial and the court's error in failing to notify Biondi of the trial setting conferences and striking the at-issue memoranda, we conclude the court abused its discretion by denying the motion to specially set and dismissing the action. [Citations.] The delay in bringing the matter to trial was caused by the court's error in failing to serve Biondi with notice of the trial setting conference, striking the at-issue memoranda, and twice removing the case from the civil active list and not by any fault of Biondi."

In the *Biondi* case, Biondi's action was a cross-complaint in the original action. The superior court in that case followed a policy of giving notice of the trial setting conferences only to the plaintiff and of requiring the plaintiff to give notice to all the other parties. When the plaintiff failed to do so, Biondi did not receive notice and thus did not appear at the trial setting conference; as a result of that conference, the at-issue memorandum was stricken. Without any notification to allow it an opportunity to be heard, Biondi twice suffered having its case removed from the court's list of those ready for trial, even though the other parties knew Biondi was actively prosecuting the case.

Thus, in *Biondi*, the appellate court concluded that the superior court clerk's office was at fault and the litigant should not have to suffer as a result. No such factors are present here.

### Excusable Delay

In *Salas* v. *Sears, Roebuck & Co., supra*, 42 Cal.3d 342, 347, the Supreme Court concluded, "[A]lthough the interests of justice weigh heavily against disposing of litigation on procedural grounds—a policy we reaffirm—that policy will necessarily prevail only if a plaintiff makes some showing of excusable delay."

Plaintiff gives extensive reasons for his delay in bringing the motion to advance trial. However, that is not the only delay for which he

must account. Plaintiff must justify his delay in diligently prosecuting his lawsuit. A plaintiff has an obligation to be diligent at each stage of the proceeding, not just in the few months before the end of the five-year period.

State has been dismissed from this appeal, presumably because plaintiff eventually determined he would be unable to prove it was liable. Plaintiff granted State a two and a half year extension of time to answer the complaint. Plaintiff now argues that this extension, at least in part, accounted for his delay in filing the at-issue memorandum. However, we note that even after State filed its answer, it was almost another year before the at-issue memorandum was filed.

Plaintiff continues to emphasize that he filed the at-issue memorandum eighteen months before the expiration of the five-year period, an "early" filing that he expected would produce the scheduling of a trial date before the end of the five-year period. However, the record before us strongly suggests it was common knowledge among members of the legal community in Kern County that a delay of 18 months after filing the at-issue memorandum before a trial setting conference was held was not unusual. Trial counsel must be charged with knowledge of the time constraints and courtroom limitations in the particular counties in which they practice. Under the instant circumstances, the failure of plaintiff's counsel to anticipate that he would have difficulty getting a timely trial date, absent a preferential setting, is not an adequate excuse for the overall delay.

Counsel for plaintiff attempts to excuse his tardiness in bringing the motion to specially set by recounting a conversation he purports to have had with Judge Arthur Wallace of the Kern County Superior Court wherein Judge Wallace informed plaintiff's counsel that "it would not be appropriate to bring such a motion too far in advance of the running of the five-year limitation." However, counsel relates that this discussion arose not from this case but in a case which he only describes as one involving a "similar motion." Claimed reliance on such a casual remark, where counsel's declaration fails to set forth any specific context, can hardly constitute an excuse for the instant delay.

Plaintiff also cites the fact that his counsel changed law firms as a reason for delay in bringing the motion to advance. The record shows that on May 25, 1989, plaintiff substituted Daniel Rodriguez, Esq., of the law offices of Etcheverry, Rodriguez & Noriega, in place of the law offices of Chain, Younger, et al. Rodriguez's change of firm association did not change the fact that he continued at all times as the attorney actually handling the case. As has been noted, excusing the delay in bringing that motion is only a small

part of the larger picture. We additionally observe that the change came approximately four and one-half years after the complaint was filed. Plaintiff failed to establish that his counsel's workload management was so affected at this late stage of the case to excuse any delay.

### Prejudice to Defendants

■ " '[T]he legislative policy underlying [Code of Civil Procedure, former] section 583 is not grounded solely in prejudice caused by delay to a defendant. Its purpose, too, is to expedite the administration of justice by compelling every person who files an action to prosecute it with promptness and diligence.' " (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 332 [216 Cal.Rptr. 718, 703 P.2d 58].)

" 'Because a defendant's presence in the case is involuntary and he is put to a defense only, no more can be expected of him than to meet the plaintiff step by step.' (*Martin* v. *K & K Properties* (1987) 188 Cal.App.3d 1559, 1567 [234 Cal.Rptr. 161].) '[A] "defendant need make no move until the law requires him to do so 'in response to the movements of plaintiff at the various stages of litigation.' " ' [Citations.]" (*Parlen* v. *Golden State Sanwa Bank, supra,* 194 Cal.App.3d 906, 913.)

Thus, prejudice to defendants is a factor to be considered, although not a controlling factor or requirement.

■ Plaintiff claims that there was no prejudice to defendants in having the trial date advanced. He argues that no discovery remained to be done. Yet only a few days before the hearing on the motion he had propounded more interrogatories to each of the defendants. No experts had been designated nor deposed. At the hearing on the motion to advance the trial date, plaintiff's counsel argued to the court that there was still time for discovery before trial and, if necessary, counsel could take the depositions in the evenings and on weekends. As laudatory as counsel's willingness to labor during irregular hours may seem, this comment fails to consider the proposed imposition upon other parties and counsel, an imposition that would have been avoidable had plaintiff been diligent. The trial court also noted that defense counsel would be prejudiced because "[c]ounsel have other trial dates set which would conflict with this trial." Plaintiff simply argues that crowded calendars were not of great significance because "someone else could have handled this case or one of the other cases."

### Congestion of Court Calendar

■ The trial court noted that there were 16 confirmed civil trials for the period October 2 through October 18, 1989. Plaintiff argues that this does

not mean the court could not have set his case for trial. However, to say that it was possible for the court to move this case ahead of others already set simply ignores plaintiff's need to show diligence. The court is not required to reward a nondiligent litigant at the expense of others.

### Eventual Mandatory Dismissal

 The court did not specifically mention its consideration of the likelihood of eventual dismissal if a trial date were denied.

*Salas* v. *Sears, Roebuck & Co.*, *supra*, 42 Cal.3d at page 346 notes that mandatory dismissal is a "critical consideration" in deciding a motion for a preferential trial date. However, it is not the only consideration nor the controlling consideration, as *Salas* noted in overturning *Campanella* v. *Takaoka* (1984) 160 Cal.App.3d 504 [206 Cal.Rptr. 745] and *Kotoff* v. *Efseaff* (1985) 172 Cal.App.3d 991 [218 Cal.Rptr. 499]. Those cases held that if a plaintiff's action were to be dismissed because of the running of the five-year statute, the trial court did not have discretion to deny a motion to advance the trial date. As noted, *Salas* overturned those cases, reiterating forcefully that the trial court still has the discretion under all the circumstances to decide whether to grant the motion and that the likelihood of eventual dismissal is but one factor to consider.

Here, the denial of the motion to advance clearly signaled the case would be dismissed. On October 2, 1989, at the same time the court entered its order denying the motion to advance, a trial date was set in March 1990, almost five months beyond the expiration of the five-year period. Plaintiff reiterates that the trial court did not characterize the mandatory dismissal factor as a critical consideration. However, as has been noted, the trial court does not have to specifically mention the factors it has considered in exercising its discretion. (*Wilson* v. *Sunshine Meat & Liquor Co.*, *supra*, 34 Cal.3d at p. 563.)

Considering the instant circumstances, we cannot say the trial court abused its discretion in denying the motion to advance the trial date.

### Granting of Motion to Dismiss

 Plaintiff finally argues that the trial court erred in granting the motion to dismiss even though the motion was brought after the five-year period had expired. Plaintiff argues that the dismissal "violated the state's policy of disposing of cases on the merits." However, if that were the controlling consideration, no cases would be dismissed pursuant to the

mandatory five-year statute, which clearly is not the intent of the Legislature.

The trial court's decision to grant a dismissal motion should be given closer scrutiny than a decision to deny the motion. (*Cubit* v. *Ridgecrest Community Hospital* (1987) 194 Cal.App.3d 1552, 1565 [240 Cal.Rptr. 346].) Plaintiff has the burden of showing that delay in prosecution was justified or excusable. Where the plaintiff fails to make a sufficient showing of excusable delay, the trial court does not abuse its discretion in granting the defendant's motion to dismiss. The policy of disposing of litigation on the merits does not prevail unless the plaintiff makes some showing of excusable delay. (*Id.* at pp. 1566-1567.)

The only sound basis for not dismissing a case after the five-year period of limitations has elapsed is if it was impossible, impracticable or futile to bring the case to trial within the statutory period. None of the factors discussed above rise to the level of a showing of futility, impracticability or impossibility in bringing the case to trial within five years.

We cannot say as a matter of law that the trial court abused its discretion in making its judgment call.

### DISPOSITION

The judgment is affirmed. Defendants are awarded their costs on appeal.

Best, P. J., and Buckley, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 17, 1992. Mosk, J., was of the opinion that the petition should be granted.